VAN ANTWERP, Sheriff of ALBANY, *against* NEWMAN.

A writ of er-
ror is a writ of        J. L'AMOUREUX, for the plaintiff, moved for leave to take
right, and need   out execution in this cause, notwithstanding the writ of error
not be allowed
by a judge.
   Filing it with the clerk, and his entering its receipt, is a sufficient allowance ; and will stay
execution if bail be in.
   No particular form of a recognizance of bail in error is necessary ; and where it was drawn
up in the form of a bond, with a proper penalty and condition, and acknowledged before a
judge, who certified the acknowledgment in this form: " Signed, sealed and delivered, in the
presence of J. W." the judge : *held*, that this was sufficient.
   Mere delay to have a writ of error returned, for nearly a year, is not a sufficient ground for
allowing the defendant in error to proceed with his execution.

brought by the defendant, upon the judgment of this Court for the plaintiff. [Vid. 2 Cowen's Rep. 543; S. C.]

The security given to stay execution was in this form: " Know all men by these presents that we, Lewis Newman, John Nelliger and John Hinckley, are held and firmly bound unto Cornelius Van Antwerp, Esquire, Sheriff of the city and county of Albany, in the sum of one thousand and twenty-three dollars and fifty-two cents, of the money of account of the United States of America, to be paid unto the said Cornelius, his attorney, executors, administrators or assigns ; for which payment we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated the thirtieth day of March, in the year of our Lord one thousand eight hundred and twenty-four.

The condition of the above recognizance is such, that if the said Lewis Newman doth and shall prosecute to effect the writ of error, brought in the Court for the Trial of Impeachments and the Correction of Errors, against the said Cornelius Van Antwerp, Sheriff as aforesaid, upon a judgment in our Mayor's Court of the city of Albany, and which was reversed by our said Supreme Court; and also pay and satisfy, if such judgment of the Supreme Court shall be affirmed, the costs to be adjudged upon such judgment, and all costs and damages to be awarded for delay of execution,(a) then the above recognizance to be void, otherwise to remain in full force and virtue.

Lewis Newman, (L. s.)

John Nelliger, (L. s.)

John Hinckley, (L. s.)

Signed, sealed and delivered,
in the presence of
John Woodworth."(b)

To this was subjoined the following:

(a) Vid. 1 R. L. 143, s. 2.

(b) Vid. Richardson v Backus, 1 John. Rep. 493.

ALBANY,     "I approve of the above persons as sufficient sureties for
Feb. 1825.   the prosecution of the writ of error in the within men
Van Antwerp  tioned cause.    March 30th, 1824.
v.
Newman                                          ·    *John Woodworth.*"

The writ of error was in the usual form, issued out of
the Court of Chancery, tested the 30th March, 1824, re-
turnable without delay, and was filed in the Clerk's office
of this Court, April 10th, 1824.   On the same day, notice
of this was given to the plaintiff's attorney.   The defen-
dant's attorney had not yet caused the writ of error to be
returned.   This writ had been issued and filed, without
being allowed by a Judge.

*L' Amoreux* said, though the Court could not quash the
writ, they might prevent its delaying execution.   Here had
been a delay of nearly a year since the writ was filed.   It
had not even been returned.   This alone would be a ground
for suffering execution to go.    (2 Dunl. Pr. 1139, 1141, and
the cases there cited.)

2.  The writ should have been allowed by a Judge.

3.  The recognizance is altogether defective.   It does not
refer to a writ of error from this Court, but from the May-
or's Court.   It is in the form of a common bond, and has
never been acknowledged.

*L. H. Palmer*, contra.

*Curia.*   The mere delay, in this case is not a sufficient
ground for our allowing execution to go.

It is not necessary that a writ of error should be allowed
by a Judge.   It is a writ of right; and the proper officer is
bound to issue it, of course, on the application of the party.
The English books speak much of allowing a writ of
error, but this does not mean a judicial act.   There the writ
is delivered to the Clerk of the Errors, who enters its re-
ceipt, whereupon the party takes of him a note or certificate
that he has allowed the writ.(c)   This is what the books

(c) Vid. 1 Archb. Pr. 218 ; and for note of allowance, Tidd's Forms, 515, a.
13.   Id. Albany ed. 1803  p. 298.

mean when they speak of allowance. With us, the English idea of allowance of the writ is seldom complied with, beyond the receipt of it by the Clerk of the Court to which it is directed.(d) The filing it with him, and his entering the receipt of it, is an allowance, and stays execution, if bail be in.

As to the recognizance, the party here drew a bond, with an adequate penalty, and a proper condition. With this he goes to a Judge, in whose presence it is executed. The Judge witnesses it, and certifies, substantially, that it was acknowledged in his presence. The proceeding was somewhat informal. The instrument is not technically worded; but it was a virtual compliance with the act. The words, " signed, sealed and delivered, in the presence of" *the Judge,* is equivalent to saying that it was acknow ledged before him. It, was, in fact, so acknowledged. It was the act of the party and his bail. It is a sufficient warrant for drawing up a regular recognizance roll; and we think it fully available to the plaintiff, should he find it necessary to resort to it by action.

Motion denied.

(d) In note to *Gravall* v. *Stimpson,* (1 B. & P. 479, n. *a.*) the allowance of a writ of error is defined to be, its delivery to the Clerk of the Errors; and *Meriton* v. *Stevens,* (Barn. 205,) and *Sykes* v. *Dawson,* (id. 209,) support that definition. Vid. also, *Payne* v. *Whaley,* (2 B. & P. 137.)