## THE PEOPLE, ex rel. CLARKE *vs.* THE COMMISSIONERS OF HIGHWAYS OF DEERFIELD.

*Bail* as a *condition of staying execution* is not necessary in suing out a writ of error to review a judgment of this court in a case arising on *mandamus.* In such case and in all others not *within the terms of the statutes* requiring bail *as a condition* of staying execution, a writ of error *coram vobis* stays execution by its own force.

A bond for costs in error, must however be executed to obtain the allowance of such writ.

MOTION to stay execution. This court gave judgment against the defendants, on a special verdict, in a *mandamus* case and they brought error. A motion is now made for a special order to stay execution until the decision of the court for the correction of errors.

A bond with sureties has been executed securing the costs in error, and filed with the clerk. But the names of the obligors are not inserted in the penal part; and it concludes with saying that the costs will be paid *with* instead of *without* fraud or delay. The bond is in the penalty of $300, according to 2 *R. S.* 494, *2nd ed.* § 27, *sub.* 3, and the condition pursuant to *id.* § 28, *sub.* 3, i. e. it was drawn as for a case wherein there was no intent to stay execution. None of the obligors are described as being commissioners of highways. Upon this bond the writ of error was allowed. But counsel thinking there was no provision in the Revised Statutes for staying execution in a proceeding by mandamus, in which both sides agreed, the above motion is now made to this court.

*W. Tracy,* for the motion.

*B. F. Cooper,* contra.

*By the Court,* Cowen, J. The better opinion I think is, that admitting this writ of error to have been duly allowed, which is not denied, provided the bond be in due form, it operates *per se,* as a supersedeas, if, as is also agreed, it come within no part of the statute requiring bail as a condition of staying execution. The plain import of the books which I have consulted seems to be, that, at common law, a writ of error *coram vobis* stayed execution by its own force; and the various English statutes, which required bail only in certain specified cases, were considered as restrictions upon common right, *vide per Savage, C. J. in Craig ads. Scott,* 1 *Wend.* 35, *Bromagham* v. *Clapp,* 6 *Cowen,* 611, and were therefore strictly construed. 1 *Rich. Pr. K. B.* 322, *Dubl. ed.* 1792. *Gilling* v. *Baker,* 2 *Bulstr.* 53. *Yelv.* 127. *Bydleson* v. *Whytel,* 3 *Burr.* 1545. *Trinder* v. *Watson, id.* 1566. *Bostock* v. *Snell, Cro. Jac.* 135. *Thrale* v. *Vaughan,* 2 *Str.* 1190, 1 *Wils.* 19. *Dell* v. *Wild,* 8 *East,* 240. *Gerard* v. *Danby, Carth.* 28. The case in 2 *Str.* will perhaps be thought the best illustration among the more modern books. Some cases certainly conflict on the point of a strict

or liberal construction of the statutes. *Vide Chauvet v. Alfray,* 2 *Burr,* 746, which is for a liberal construction, and *Bydleson v. Whytel,* 3 *Burr,* 1545, *contra,* and *vide* 1 *Lee's Dict. of Pr.* 615. That may be so of other authorities, but none which I have found deny that the case being without the statutes, bail is unnecessary to a stay. The 2 *Wms. Saund.* 101, *l,* after mentioning judgments by default, on demurrer, or *nul tiel* record, as being without certain statutes of bail, adds " therefore a writ of error upon judgment by any of these three last ways, is a supersedeas *without bail* in such actions as are not enumerated in 3 *Jac.* 1," and *Vide* 1 *Lee's Dict. Pr.* 613.

Among the old books the 26 *H.* 6, *fol.* 8 *a,* and *Dawbeney v. Davie, Dy.* 244, *a, in M. T.* 7 *and* 8 *Eliz.* are exactly to the point: and the 1 *Rich. Pr. K. B.* 323, on these and other authorities, says " a writ of error is, *in judgment of law,* a supersedeas until the errors are examined, affirmed or reversed." This book professes to speak of the doctrine as understood before the *Stat.* 3 *Jac.* 1, *ch.* 8, which seems to have begun the system of bail in error. *Vide* 2 *Wms. Saund.* 101, *i, et. seq.* This statute, *vide Statutes at large,* recites thus : " Forasmuch as his Highness' subjects are now more commonly withholden from their just debts, and often in danger to lose the same, by means of writs of error, which are more commonly sued than heretofore they have been, Be it therefore enacted, that from and after, &c., no execution shall be stayed or delayed upon, or by any writ of error, or supersedeas thereupon to be sued," &c. in any action of *debt,* &c., unless bail be given, &c. This remedy has been extended since to most actions in England ; and still farther with us. In the *Dean & Chapter of St. Paul's v. Capell,* 1 *Lev.* 117, 1 *Keb.* 13, *S. C.* the court said, although writs of error are writs of right, yet they are, for the most part used for delay, for remedy whereof the statute 3 *Jac.* 1, *ch.* 8, was made ; and several of the cases cited in the learned and elaborate opinion of *Willes, C. J. in Meriton v. Stevens, Willes' Rep.* 272, declare that the writ of error operates in itself to supersede execution. It was held in

*Meriton* v. *Stevens,* that it should so operate from the time of allowance, and that after notice given of its being sued out, the taking of execution would be a contempt. Indeed the cases in England, to this day, at any rate, till very lately, proceeded upon that theory. It is enough to get the writ allowed; it then in the first instance, operates of itself; and effect is given to the statutes of bail by holding that the operation shall continue or cease, accordingly as bail is or is not given within four days. 2 *Tidd. Pr.* 1070. 1083,4, *N. Y. ed.* 1807. *Rich. Pr. K. B.* 323, *Dubl. ed.* 1792. 2 *Wms. Saund.* 101, g. *note.*

The effect of a writ of error, in cases beyond our statute of bail was also recognized by this court in *Kinney* v. *Whitford,* 17 *Johns. R.* 34. The court said that, to make it a supersedeas in a *qui tam* action no bail was necessary, because the case was not within the statute. The same principle has long had full effect with regard to writs of *certiorari* to reverse the judgments of inferior courts, which have been held *per se* to supersede execution, because *in nature of a writ of error. Vide Blanchard* v. *Myers,* 9 *Johns. R.* 66. *Patchin* v. *The Mayor, &c. of Brooklin,* 13 *Wendell,* 664, *and the cases there cited.*

By the revised statutes, 2 *R. S.* 490, 2*d ed.* § 1, writs of error in civil cases, are expressly declared to be of right, and to issue of course. Under our statute, *id.* 486, no doubt the proceeding by *mandamus* is a civil remedy, *Bac. Abr. Mandamus, (M)* to which the writ of error applies with its full common law effect, when properly allowed. Damages and costs follow a judgment in favor of the relator, 2 *R. S.* 486, 2*d ed.* § 57, and on bringing error, the party in order to obtain an allowance, must give a bond, as he has done here, at least to secure the payment of costs on error, *id.* 494, § 26, 27, 28, in a form adapted to the case. Counsel seem to be correct, however, in saying that the statute does not provide for any bail as a condition of staying execution. But I cannot agree with them that there is any serious doubt upon the effect of the writ of error. So much difficulty was felt by them on both sides, that I have examined the question considerably; and taking

the case as we all understand it, to be without the statute requiring bail as a condition of stay, I feel quite clear that this writ of its own proper force, and without any farther bail, ties up the hands of the relator, so that he can have no execution. It, therefore, becomes unnecessary to say, whether the merits of the case be such that we would direct a stay or a supersedeas. Should execution issue pending the writ of error, that being diligently prosecuted, I am quite sure we should be obliged to set it aside.

Of course, any remarks I have made must be confined to writs of error *coram vobis.* With regard to writs *coram nobis*, which are also without the statute, the rule is different, as we have lately held in several cases. *Smith* v. *Kingsley*, 19 *Wendell*, 620, and *Ferris* v. *Douglass*, 20 *id.* 626.

The bond in this case is informal; but good enough in substance; and therefore warranted the allowance. However, no action can be required upon the question whether it be good or bad, unless the relator shall move for execution on the ground that it is defective. It is said the bond was not executed by the commissioners of highways. How that is I do not know. Beside, the statute says, if the party be absent, he need not execute. 2 *R. S.* 494, 2*d ed.* §26.

The motion is denied, on the ground that any rule is unnecessary; but without costs.