PAUL CUSHMAN, as Trustee, etc., *v.* CHARLES E. LELAND, as Trustee and Individually, Respondent. CHARLES E. KNOWLTON, Appellant.

Where, after the commencement of an action in the Superior Court of New York city to recover the amount of interest coupons upon bonds secured by a trust mortgage, the trustee commenced an action in the Supreme Court to foreclose the mortgage for the benefit of all the bondholders, who, including the plaintiff in the former action, were made parties, *held*, that the Supreme Court had the power, in its discretion, to stay the proceeding in the Superior Court suit until the determination of the foreclosure suit.

Where other parties to an action have an interest in retaining upon the record an answer interposed by one of the defendants, said defendant has not the absolute right to withdraw his answer, but it rests in the discretion of the court whether or not he will be permitted so to do.

(Argued October 2, 1883 ; decided October 9, 1883.)

THE nature of the appeal and the material facts are stated in the mem. of decision, of which the following is a copy :

" Charles E. Knowlton sued Mrs. Mary Ann Trimble in the New York Superior Court, to recover upon one of many bonds secured by a mortgage given to the plaintiff as trustee for the bondholders. Subsequently the plaintiff commenced an action to foreclose the mortgage for the benefit of all the bondholders, making Mrs. Trimble, Mr. Leland and all the bondholders including Knowlton and other interested persons, parties to the action. Knowlton appeared and answered, claiming that the coupons which he had sued in the Superior Court were unpaid and that the mortgage should be foreclosed and that his coupons and costs should be paid out of the proceeds. Thereafter the Supreme Court, at a Special Term, after hearing him, granted an order staying his suit in the Superior Court until the determination of this suit. From that order he appealed to the General Term, where it was affirmed. After that he moved to refer this case, and it was referred to a referee at the same time he made a motion to dissolve the injunction, restraining the Superior Court suit, and that was denied. Several months thereafter his attorney served upon the attorney for the plaintiff and for Leland a notice withdrawing his answer in this suit, and also that he made no claim, personal or otherwise, against the plaintiff or the defendant Leland as trustee under the mortgage described in the complaint or against the property described in the mortgage. Thereafter he made a motion at Special Term for leave to withdraw his answer and to vacate the injunction restraining the prosecution of the Superior Court suit, and the motion was granted. Upon an appeal to the General Term the Special Term order was reversed, and then he appealed to this court.

" Whether the Supreme Court would stay the Superior Court suit rested in its discretion. All the parties were before it, and upon the issues and pleadings in that action it was quite proper that the whole controversy should be determined therein, and that unnecessary expense and litigation should not be incurred by the prosecution of the other suit, although the Supreme

Court could not grant an order in the Superior Court suit, the parties being before it, it could act on them, and control their actions and stay their proceedings. Knowlton did not have the absolute right to withdraw his answer. A party cannot even always discontinue a suit without permission of the court. When defendants are interested in having the suit continued and regularly disposed of, the court may, in its discretion, refuse to allow a plaintiff to discontinue. So where other parties to the action have an interest in retaining upon the records an answer which has been interposed, it rests in its discretion whether it will permit the answer to be withdrawn. Here Knowlton had interposed his answer and secured a reference of the cause which was pending, and he did not have the absolute right to change the pleadings at that stage of the case. The Supreme Court had jurisdiction, therefore, to continue the injunction, restraining the prosecution of the Superior Court suit, and its discretion is not, therefore, reviewable here.

"The appeal should be dismissed."

*George W. Miller* for appellant.

*Nathaniel C. Moak* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.