PATTERSON, J.
It appeared by the affidavit of the moving parties that this action was instituted against fifty defendants, among whom were Daynes and Yan Der Hoogt It was brought upon a policy of insurance, upon which each of the fifty defendants was alleged to be liable severally. The summons was served on the defendants Daynes and Van Der Hoogt on the 9th of November, 1895. It further appears that on the 16th of October, 1895, this plaintiff commenced an action in one of the district courts of the city of New York on the same policy of insurance, but only against the two defendants on whose behalf the motion now under review was made. That motion was to consolidate the action pending in the district court of the city of New York with this, action, and for other relief. The court, at special term, denied the motion to consolidate, and also denied the application made at the same time, under a demand of other relief, to stay the trial of the action in the district court until that pending in this court shall be tried. The denial of these applications was upon the ground of want of power in the court.
As to the consolidation: Construing the order as meaning the want of power under the particular circumstances of this case, the action of" the court was not erroneous. There can be no doubt of the power of this court, in a proper case, to consolidate w.ith an action pending in it another which is brought in a district court of the city of New York, but the same conditions must exist that would authorize a consolidation of actions pending in this court. Section 817 of the Code of Civil Procedure provides that where *203 two or more actions in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discretion, by order, consolidate any or all of them into one action ; and section 818 provides that where one of the actions is pending in the supreme court, and another is pending in another court, the supreme court may, by order, remove to itself the action pending in the other court, and consolidate it with that pending in the supreme court. But the essential condition of the exercise of the power is that the two actions must be against the same defendants, as well as on causes of action which may be joined. This action now pending in this court is not against the same defendants as that pending in the district court. The complaint in this cause is upon the same instrument, but there are forty-eight other defendants, and the demand of the complaint is for a judgment against all the defendants for the sum of $2,500, which was the amount for which the policy was written in the aggregate. The right to maintain such an action against all of the underwriters upon the policy seems to be based upon the provision of the Code of Civil Procedure by which it is enacted that, where two or more persons are severally liable upon the same instrument, they may all or any of them be included as defendants in the same action, at the option of the plaintiff. Code Civ. Proa, § 454. These underwriters are severally liable. Instead of fifty suits, one against each, the practice allows one suit against all the parties. After >.he suit in the district court was commenced, the plaintiff elected to bring one action against all. It is therefore an action with different defendants, and, although a several judgment may be obtained against these defendants, it is nevertheless not a suit against the same defendants.
We think the proper practice in this particular case was for the defendants "to move to stay the trial of the district court action until the trial of that in this court. There is abundant power in this court to direct such a stay. Cushman v. Leland, 98 N. Y. 652. And in order that such an application may be made, the order to be entered hereon may contain a provision staying all proceedings until the hearing and determination of a motion for a stay to be made at special term, not exceeding twenty days.
The order appealed from should be modified by insertion of the provision above named, and without costs.
All concur.