(21 App. Div. 266.)

## In re PYE et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

1. APPEALS TO COURT OF APPEALS—STAY OF PROCEEDINGS—SECURITY.

Code Civ. Proc. § 2584, relating to appeals from surrogates' courts, provides that a perfected appeal stays proceedings as prescribed in section 1310, relating to appeals generally, which declares that when an appeal is "perfected as prescribed in this chapter, and the other acts, if any, required to be done to stay execution, * * * have been done, the appeal stays all proceedings." Section 2579 provides that an appeal from an order of a surrogate committing an executor for contempt stays proceedings on the giving of an undertaking conditioned that appellant will surrender himself, on affirmance, in obedience to the decree. Held, that an undertaking given under section 2579, on appeal to the appellate division, remains in force after affirmance; and a further appeal to the court of appeals, duly perfected by the giving of the undertaking required by section 1326, for security for costs, operates as a stay of proceedings until final disposition by the latter court.

2. SAME—APPELLATE DIVISION—NATURE OF JURISDICTION.

Const. art. 6, § 1, continues the supreme court, with general jurisdiction in law and in equity, subject to revision of the court of appeals. Section 2 creates an appellate division; and, while certain limitations are placed on the members of the supreme court designated to sit in such division, yet they are left, in specified instances, to perform the duties of supreme court judges. Held, that the provisions of law for remitting the records, orders, and judgments of the appellate division to inferior tribunals for their action, and to carry out its orders and judgments, relate merely to procedure, and not to jurisdiction; and that in reality the appellate division is a continuation of the former general term, exercising the same appellate jurisdiction, but remaining, as did the former court, a part of the supreme court. Therefore, when an appeal is taken to the appellate division from a surrogate's court, the matter comes into the general jurisdiction of the supreme court, and the appellate division may, after affirmance and remittance, order a stay of proceedings pending an appeal to the court of appeals.

3. SAME—JURISDICTION OF SUPREME COURT IN GENERAL.

In respect to staying proceedings, the supreme court has always had jurisdiction, and its authority in that behalf on an appeal in a case where there is no provision of law regulating the matter has never been taken away or abridged.

4. COURTS—CONDUCT OF BUSINESS.

Where the legislature fails to act in prescribing methods of procedure, parties are relegated to the former practice of the court.

Appeal from order of surrogate, Rockland county.

Application by Isaac E. Pye and others, creditors, for an order revoking letters testamentary issued to Erastus Van Houten as executor of the will of Edward G. Van Houten, deceased. The executor was adjudged in contempt, and pending an appeal to the court of appeals from an order of the appellate division affirming said order (46 N. Y.

47 N.Y.S.—44

Supp. 350) an order was made staying proceedings, from which an appeal is taken.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Everett V. Abbot, for appellant.

Garret Z. Snider, for respondent.

HATCH, J.    The basis of attack made upon the order appealed from consists in the claim that the supreme court is without power to stay proceedings upon an order made in a surrogate's court, which has been affirmed upon appeal, and remitted to such court for its action. We are of opinion that this claim cannot be upheld.    When the appeal was taken from the order of the surrogate to the appellate division of the supreme court, a stay of the execution of the order was effected by giving the security provided by section 2579 of the Code of Civil Procedure.    The only provision of law for the giving of an undertaking to perfect an appeal to the court of appeals from such an order is that provided by section 1326 of the Code of Civil Procedure, requiring security for costs, etc.    Such security was not given when the motion for a stay was made, but the court, in the order staying proceedings, requires such security to be given as a condition of the stay. The giving of the undertaking for the costs of the appeal to the court of appeals perfected the appeal.    We are, therefore, to see what effect, if any, the perfecting of this appeal had in operating as a stay of the order made by the surrogate.    As we have seen, upon appeal to the appellate division of the supreme court no stay was obtained until the giving of the undertaking required by section 2579 of the Code of Civil Procedure.    The requirement of this undertaking was that the person would surrender himself, in obedience to the decree, to the custody of the sheriff of the county where he was directed to be committed.    This undertaking remains of force, unaffected by the appeal to the court of appeals, and is a continuing security for compliance with the decree of the surrogate.    It was, therefore, unnecessary for further security to be given, so long as this remained in force, and was sufficient to secure the accomplishment of the purpose for which it was given.    And this consideration doubtless led to the omission in the Code to provide for further security, except for the costs in the court of appeals.    Section 2584 of the Code of Civil Procedure provides:

"Except as otherwise expressly prescribed in this article, a perfected appeal has the effect, as a stay of the proceedings to enforce the decree or order appealed from, prescribed in section one thousand three hundred and ten of this act, with respect to a perfected appeal from a judgment."

Referring to section 1310, it is found to provide:

"Where an appeal * * * to the court of appeals or otherwise, has been heretofore or shall hereafter be perfected, as prescribed in this chapter, and the other acts, if any, required to be done, to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or order appealed from."

The exception in the remaining portion of the section does not apply to the present case.    It is quite evident, therefore, that the appellant in the order had complied with all the provisions of law necessary to

perfect his appeal, except the giving of the undertaking for security for costs. When this was done, it, together with the appeal, operated as a stay of proceedings upon the decree appealed from until disposition was made by the court of appeals of such appeal. No order was, therefore, necessary, except for leave to file the security to stay proceedings upon the decree upon filing the required undertaking for costs. If, however, such order was necessary, we have no doubt of jurisdiction in the court to grant it. The argument which denies power in the supreme court to grant a stay proceeds upon the ground that the appellate division is a court of record distinct from the supreme court, and only acquires jurisdiction of a matter when the record is brought before it in a proper proceeding, and immediately loses such jurisdiction when it has remitted the record and its order to the court from whence it come; and that, as the present proceeding originated in a surrogate's court, and the record has been remitted to that court, no proceeding is now pending in the appellate division or in the supreme court, and that the supreme court is without jurisdiction. The argument makes the appellate division of the supreme court an appellate tribunal solely, entirely distinct and separate from the supreme court. We do not so construe the constitution creating the court, or the statutes which regulate the course of procedure therein. By section 1 of article 6 of the constitution, the supreme court is continued with general jurisdiction in law and in equity, subject to the appellate jurisdiction of the court of appeals. The membership of the supreme court is provided; and by the next section of the same article of the constitution "an appellate division of the supreme court" is created. While certain limitations are placed upon the members designated to sit in such court, yet they are left, in specified instances, to perform the duties of a supreme court judge. In reality the appellate divisions are a continuance of the former general terms, exercising the same appellate jurisdiction, but remaining, as did the former court, a part of the supreme court of the state. So far as the exercise of jurisdiction is concerned in matters which are brought before it, it possesses the same power and authority as was formerly possessed by the general terms, and the provisions of law which provide for remitting its records, orders, and judgments to inferior tribunals for their action, and to carry out its orders and judgments, relate to methods of procedure, and are not limitations upon its original jurisdiction. There is nothing in the provisions of the constitution, except the limitations upon the exercise of authority by its members, which assumes, either in terms or by implication, to limit its jurisdiction in respect of which it had formerly been exercised. The exercise of authority generally by the former court of chancery, and subsequently by the supreme court, over inferior courts, including probate courts, has always been recognized, and has been continually exercised, except so far as it has been changed either by constitutional provision or by legislative enactment. In re Brick's Estate, 15 Abb. Prac. 12, where Judge Charles P. Daly, in a learned and scholarly opinion, traces the history of surrogates' courts and the jurisdiction of other courts in connection with them, where is made clearly to appear the general jurisdiction formerly exercised by the court of chancery, to whose powers the supreme court

succeeded. It seems clear, therefore, that, when the appeal to the appellate division from the surrogate's decision was taken, the matter came into the supreme court, and such court has general jurisdiction over it.

Methods of procedure in the courts are the subject of legislative control. Limitation upon its jurisdiction is beyond legislative power. It is accomplished only by constitutional provision. Where the legislature has failed to act in prescribing methods of procedure, parties are relegated to the former practice of the courts, and may invoke any power possessed by the court to assert or protect a right, or redress a wrong. In respect of stay of proceedings the supreme court has always had jurisdiction, and exercised it at common law. Indeed, the old writ of error operated as a stay of proceedings, when allowed. People v. Commissioners of Highways of Deerfield, 22 Wend. 587. It was the operation of this writ in staying proceedings that produced statutes requiring security to be given, and thus protect a party in securing the fruits of his judgment. The first statute makes complaint upon the subject in these words:

"For as much as his highness' subjects are now more commonly withholden from their just debts, and often in danger to lose the same, by means of writs of error, which are more commonly sued than heretofore they have been. Be it therefore enacted, that from and after * * * no execution shall be stayed or delayed upon, or by any writ of error or supersedeas thereupon to be sued * * * in any action of debt, * * * unless bail be given." 3 Jac. I., c. 8.

In this country the writ of error was a writ of right, and issued without allowance by the judge. But bail seems to have been required in all cases. Van Antwerp v. Newman, 4 Cow. 82. The practice was subsequently regulated by statute, and the writ was allowed by a justice of the supreme court or other officer authorized to perform the duties of a justice. Bail was required, and, when given, and the writ allowed, a stay was granted, by order if execution had issued, and by indorsement of stay upon the writ if none had issued. Grah. Prac. 948, 949. The judiciary act of 1847 (Laws 1847, c. 280, § 17) authorized the supreme court to grant a stay in all cases where an appeal was permitted. The earlier statutes have been repealed, writs of error abolished, and the subject-matter regulating procedure, for the most part, has been embodied in the Code of Civil Procedure. But neither in the constitution nor in the statutes, whether in the Code or elsewhere, so far as we are able to find, has the authority of the supreme court to grant a stay of proceedings upon appeal, in a case where there is no provision of law regulating it, been taken away, abridged, or in any wise limited. The power exists, and may be exercised as it always has been. The case of Deyo v. Morss (Sup.) 14 N. Y. Supp. 841, is in no sense in conflict with this view. In that case the proceeding was in progress in the surrogate's court, from which no appeal had been taken, and which still remained undetermined by the surrogate. Even there the authority of the supreme court was recognized. The only question determined related to the manner of its exercise. It was held that an order staying proceedings was improper, but that relief might be obtained by injunction. In like manner the decisions of the court of appeals, holding that jurisdiction is lost by a return of the

remittitur, are without application, for the reason that it is possessed only of the jurisdiction, in this respect, which the record confers. As we have seen, the jurisdiction of the supreme court is original, and embraces the subject-matter. In the present case it became necessary for the appellant to obtain the order, as he had omitted to file security for costs; and consequently there was no stay until the court provided for the omission, giving leave to file the security. When this was done, the stay was complete without further order.

The order should be affirmed, with $10 costs and disbursements. All concur, except BARTLETT, J., who concurs in the result.