(26 Misc. Rep. 64.)

GOULD v. EDISON ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1899.)

SUPREME COURT—RESTRAINING PROCEEDINGS IN INFERIOR COURT.

Plaintiff commenced an action against defendant in the municipal court to recover statutory penalties for refusing to furnish electric light, and subsequently he instituted suit in the supreme court to compel defendant to restore an electric connection between its mains and his premises, to furnish lights, and for damages. Defendant, in the latter court, moved for an interlocutory order staying the prosecution in the former. *Held*, that the motion must be denied, since the restraining power of the supreme court in a litigation is confined to proceedings affecting the action in which the restraining order is sought.

Action by Benjamin A. Gould against the Edison Electric Illuminating Company of New York. Motion by defendant to restrain plaintiff from prosecuting an action against it in the municipal court of New York City to recover statutory penalties for refusing to furnish electric light. Denied.

Frederick W. Longfellow, for plaintiff.
Eaton & Lewis, for defendant.

RUSSELL, J. The defendant company seeks an interlocutory order staying the plaintiff from prosecuting an action against the defendant in the municipal court of the city of New York, borough of Manhattan, to recover $250 statutory penalties for refusing to furnish electric light. This action in the supreme court was brought by the same plaintiff to compel the defendant to restore the electric connection between its mains on Madison avenue and the premises of the plaintiff, to furnish electric light, and for damages. The defendant's theory is that the court has power to stay a proceeding

by one of the parties to the litigation in another and inferior forum, where the substantial rights of the parties can be determined by the suit brought in the supreme court.

There is some question as to the right, under the scope of the complaint in this action, of the plaintiff to recover for a penalty accruing subsequent to the commencement of this action. But, independent of any question as to the power of this court to award compensation by way of damages or penalties, as well as equitable relief, a determination must be had first as to the right of this court, on motion of the defendant, to stay proceedings in the other court. The interlocutory order is not sought upon the theory of an injunction; nor do the statutory provisions for an injunction apply. The writ of injunction is abolished, and the order for an injunction provided by the Code of Civil Procedure applies to a remedy during the pendency of the action sought by the plaintiff. Code Civ. Proc. § 603 et seq. The inherent power of the court is claimed by the defendant company to cover the relief asked for.

Ordinarily, the interlocutory orders in an action are made under positive provisions of statutory law, or come from the incidental power of the court to provide for emergencies arising within the scope of the litigation in the action wherein the order is asked. The pendency of the suit for penalties in the municipal court in no manner controls or affects the procedure in this action, and the stay can here be granted only upon the theory that the court has some supervisory power over the actions of the plaintiff, because he is a party to the present litigation. Conceding that his conduct in the present action is within the view and jurisdiction of this court, how can his conduct in another forum, even in relation to subject-matters of litigation connected with the affairs out of which this controversy arose, be made the occasion of a right to restrain him in his proceeding in the other forum? There is no issue here arising upon the pleadings which seeks to prevent his exercise of any privilege of litigation in the municipal court, so that the assumed power to restrain him from proceeding in that court is extrinsic to the subject-matter of this controversy. I am of the opinion that the restraining power even of the supreme court, in a litigation, is confined to the remedies afforded to the plaintiff in an equitable action, as by way of injunction, or to the party initiating a special proceeding, as a writ of prohibition, or to those proceedings affecting the litigation in the action in which the restraining order is sought, and that action alone. See Deyo v. Morss (Sup.) 14 N. Y. Supp. 841; Salt Co. v. Keating (Sup.) 16 N. Y. Supp. 795; Railway Co. v. Ramsey, 45 N. Y. 637, 653. The only cases cited to me by counsel for the defendant as justifying the exercise of this power on the motion of the defendant are Cushman v. Leland, 93 N. Y. 652, and Isear v. Daynes, 1 App. Div. 557, 37 N. Y. Supp. 474. In the first of these cases the order staying proceedings in the superior court action was made upon the application of the plaintiff in the action in this court, and the court of appeals alludes to the order as an injunction order not reviewable in the court of appeals. In the case of Isear v. Daynes the appellate division in this department denied the right of defendants to have actions consolidat-

ed. I do not overlook the expression in the opinion of Mr. Justice Patterson that the proper practice was for the defendants to move to stay the trial of the district court action, and that there is abundant power in this court to direct such a stay; citing Cushman v. Leland, supra. It will be readily seen that the question of a stay was not one presented to the court, and that decision was not intended to be decisive at all of the merits of a motion for a stay which the appellate term directed should be heard at the special term if the moving party so desired. Even if the power existed to stay proceedings in another forum, independently of the issues raised in the action in which the motion was made, only a case of extreme emergency should justify the exercise of such a power, which rests, if at all, upon the right to interfere with conduct of a party in another litigation, and which has no well-defined limits, unless those limits are confined as indicated in this opinion.

Motion denied, with $10 costs.