(58 Misc. Rep. 350.)

WAIONTHA KNITTING CO., Limited, v. HECHT & CAMPE, Inc.

(Supreme Court, Special Term, Otsego County. March, 1908.)

ACTION—CONSOLIDATION.
　　Code Civ. Proc. § 817, authorizing consolidation of actions against the same defendants by the same plaintiff, does not authorize the consolidation of two actions, where plaintiffs in one are the defendants in the other.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 632–675.]

Action by the Waiontha Knitting Company, Limited, against Hecht & Campe, Incorporated, and action by the defendant against the plaintiff. Motion by plaintiff to consolidate the actions. Denied.

J. D. Reed and May & Jacobson, for the motion.
William Victor Goldberg, opposed.

DEVENDORF, J. The action is brought by plaintiff to recover the sum of $2,455.22, purchase price of merchandise sold and delivered by plaintiff to defendant. The defendant, except as to incorporation, pleads a general denial. After this action was commenced, the defendant brought suit against the plaintiff in the City Court of the city of New York to recover damages for the alleged failure of plaintiff to complete deliveries of merchandise purchased of it by defendant. In that action the answer of plaintiff interposed therein, after admitting the incorporation of the parties, pleads a general denial, and also, as and for a further and separate defense, alleges the sale and delivery of merchandise to the plaintiff upon which there is alleged to be a balance due and owing in the amount of $2,500.25; but the demand for judgment therein is not for a recovery upon a counterclaim or set-off, but simply that the complaint therein be dismissed with costs. After issue was joined in the two actions, as heretofore briefly stated, the plaintiff makes this motion to consolidate such actions, and asks for such other and further relief as may be just and proper.

I think this court is without power to consolidate these actions. Consolidation may be granted of an action pending in this court with another brought in the City Court of the city of New York; but the same conditions must exist that would authorize a consolidation of actions in this court. Section 817 of the Code of Civil Procedure provides that where two or more actions, in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discre-

tion, by order, consolidate any or all of them into one action. These actions are not in favor of the same plaintiff and against the same defendant. Undoubtedly the parties, had they seen fit so to do, could have litigated in one action the matters involved in these two actions. Section 818 of the Code of Civil Procedure provides that, where one of the actions is pending in Supreme Court and another is pending in another court, the Supreme Court may by order remove to itself the action in the other court and consolidate it with that in the Supreme Court. It will be observed, however, that under the language of this section it is an essential condition of the exercise of this power that the actions must be against the same defendants and by the same plaintiff. Isear v. Daynes, 1 App. Div. 557, 37 N. Y. Supp. 474. That condition does not exist in this case. The plaintiff had a right to bring its action to recover for the price of its merchandise in the county of Otsego where its place of business is located, and the defendant equally had a right to bring an action in the courts having jurisdiction in the city of New York to recover against the plaintiff any damages which it can prove it has sustained by reason of a breach of contract by the plaintiff; and this court is without power to consolidate the two actions.

Upon the argument some suggestion was made that at least a stay of the City Court action could be granted; but, in view of the allegations of the pleadings in the respective actions, I am of the opinion that the plaintiff herein is not entitled to that relief. The defendant in this action does not plead as a counterclaim the cause of action alleged in the City Court action and will necessarily be limited in its defense in this action to its general denial. Therefore neither a consolidation nor a stay can be granted herein.

The motion is therefore denied, costs awarded to defendant to abide event.

Motion denied, costs to defendant to abide event.