FLEISCHMAN v. MENGIS.

(Supreme Court, Appellate Term. November 28, 1908.)

1. APPEAL AND ERROR (§ 477*)—SUPREME COURT—STAY OF PROCEEDINGS UPON APPEAL.
   The Supreme Court has inherent power to stay proceedings in the lower court upon appeal from an order therein, where there is no provision of law requiring it, even though the order appealed from denies relief and requires no further proceedings to make it effective.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2248; Dec. Dig. § 477.*]

2. APPEAL AND ERROR (§ 477*)—SUPREME COURT—STAY OF PROCEEDINGS UPON APPEAL.
   Under Code Civ. Proc. § 3189, allowing appeals to the Supreme Court from an order made at chambers or from a Special or Trial Term of the City Court, and providing that upon such an appeal the Supreme Court shall have power to review any exercise of discretion by the court or judge below, the Supreme Court could grant a stay of proceedings in the City Court upon appeal from orders therein refusing to dismiss for failure to prosecute and denying a stay pending appeal from the former order, at least as an incident attending the appeal and essential to make it effective.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2248; Dec. Dig. § 477.*]

3. APPEAL AND ERROR (§ 477*)—SUPREME COURT—CONTROL OF PARTIES—STAY OF PROCEEDINGS.
   Even if the Supreme Court could not by order stay the City Court, the parties being before the Supreme Court on appeal, it could control their actions and stay their proceedings there.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2248; Dec. Dig. § 477.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from City Court of New York.

Action by Samuel Fleischman against Morris C. Mengis. Motion for stay of proceedings in City Court until determination by Appellate Term of appeals from certain orders. Motion granted.

See, also, 113 N. Y. Supp. 515.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

James E. Chandler, for the motion.

Martin Paskus, opposed.

GIEGERICH, J. The defendant in this action, brought and pending in the City Court, moved to dismiss the complaint for failure to prosecute. This motion was denied, and he appealed from the order denying said motion. He then applied in the City Court for a stay of the trial pending the appeals from the order above mentioned, and from an order denying his motion for such a stay he also appealed. This motion is now made for an order staying proceedings in the City Court until the hearing and determination by the Appellate Term of the appeals from the orders aforesaid.

The plaintiff strenuously objects to the granting of such an order and urges a want of power in this court to stay the trial of an action in the City Court pending an appeal from an order which denies relief to a party and which requires no further proceedings to make effective. He urges with some force that the Code of Civil Procedure makes no provision for a stay of proceedings in an action unless there is a judgment entered or order made under which some further action must be taken by the successful party. He recognizes the power of this court to stay proceedings under an order appealed from provided such order requires something further to be done to carry out its provisions, but asserts that where the order is complete in itself there are no proceedings thereunder to be stayed, and that, such being the situation in this case, the defendant has no remedy. In this position we think the plaintiff is in error. The power of a justice of the Supreme Court to grant an order staying all proceedings in an action pending an appeal taken from an order made therein is recognized in Hull v. Hart, 27 Hun, 21. True, that was in an action pending in the same court, while in the case at bar the action is pending in a lower court; but in the Matter of Pye et al., 21 App. Div. 266, 269, 47 N. Y. Supp. 689, 691, it was held regarding the jurisdiction of the Appellate Division that:

"There is nothing in the provisions of the Constitution * * * which assumed, either in terms or by implication, to limit its jurisdiction in respect of which it had formerly exercised. The exercise of authority generally by the former Court of Chancery, and subsequently by the Supreme Court, over inferior courts * * * has always been recognized and has been continually exercised, except so far as it has been changed either by constitutional provision or by legislative enactment. * * * But neither in the Constitution nor the statute, whether in the Code or elsewhere, so far as we have been able to find, has the authority of the Supreme Court to stay proceedings upon appeal in a case where there is no provision of law requiring it been taken away, abridged, or in any way limited. The power exists, and may be exercised as it always has been."

By section 3189 of the Code of Civil Procedure appeals may be taken to the Supreme Court from an order made at chambers or from

a Special or Trial Term of the City Court, "upon such an appeal the Supreme Court shall have power to review any exercise of discretion by the court or judge below." The order made herein is one from which an appeal will lie under the provisions of said section. To say that the trial in the lower court cannot be stayed by this court pending an appeal from such an order would, in many cases, of which this is one, render the appeal of no benefit no matter how meritorious it might be. If the case is to be placed upon the calendar in the court below and the defendant put to the expense of a trial pending the appeal from the order at a time when possibly he was legally entitled to a dismissal of the action, then this court is practically deprived of the power to review "any exercise of discretion" by the court below and the appeal taken herein rendered futile. If it should be so, that a judgment thus obtained would fall if the order appealed from was reversed, nevertheless the defendant would still have been subjected to the expense of a needless trial for which he has no redress. We think the power of this court to grant a stay is given (see Isear v. Daynes, 1 App. Div. 557, 559, 37 N. Y. Supp. 474), if in no other way, at least as an incident attending the appeal and essential to make it effective (Stern v. Barret Chemical Co., 124 App. Div. 377, 108 N. Y. Supp. 811). If, however, we should assume that this court cannot by order stay the City Court, nevertheless, the parties in this action being before this court, it can control their actions and stay their proceedings. Cushman v. Leland, 93 N. Y. 652, 654.

Motion granted, and all proceedings on the part of the plaintiff stayed until the hearing and determination of the appeal from the orders. Settle order on two days' notice. All concur.