(71 Misc. Rep. 177.)

### GIBBS v. KAHN.

(City Court of New York, Special Term. March 14, 1911.)

ACTION (§ 69*)—STAY OF PROCEEDINGS—OTHER ACTION PENDING.

Where plaintiff is privy to defendants in certain actions in the Supreme Court, and where the decision in one action will determine the rights sued for in another, and a judgment in one action will dispose of the controversy in the other actions, a case for a stay is presented, even though the parties may not be identically the same in both courts, especially where the actions are common-law actions securing trials by jury.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

Action by Lippmann D. Gibbs against Louis J. Kahn. Motion by defendant to stay all proceedings until the entry of final judgments in two actions of Louis J. Kahn against Adolph Hollander and Harry Hollander, pending in the Supreme Court. Motion granted.

Goldsmith, Rosenthal, Mork & Baum, for plaintiff.
David Bernstein, for defendant.

FINELITE, J. Defendant prays that an order be granted staying the trial of this action until an action brought between the plaintiff's assignors against this defendant in the Supreme Court is tried. The action in this court is brought by the plaintiff on the assigned claim of Adolph Hollander and Harry Hollander to recover of the defendant the sum of $549.35 for alleged work, labor, and services performed by his assignors on and between the 28th day of March and the 29th day of June, 1910. The complaint in this action was served on February 6, 1911. Six months prior thereto two actions were instituted by this defendant in the Supreme Court, New York county, against the plaintiff's assignors, to recover the sum of $1,500 for damages sustained by him by reason of the improper dyeing and dressing of 2,000 marmot skins by said plaintiff's assignors, and the sum of $2,691.75 for the conversion of 1,589 raw marmot skins by said plaintiff's assignors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

, Defendant contends that the work, labor, and services claimed to have been performed by the plaintiff's assignors, as set forth in the complaint in the action in this court, is the very work, labor, and services involved in the two actions pending in the Supreme Court. From reading of the complaint of the Supreme Court actions with the complaint in this action, the subject-matter herein involved is in substance the subject-matter therein involved. The actions pending in the Supreme Court have been at issue for some time past. Defendant prays that an order may be granted staying this action until judgments are rendered in the Supreme Court actions. The plaintiff herein is an employé of his assignors, and in bringing this action is attempting to procure a judgment in advance of the trial of the Supreme Court actions. The amount involved in this action sought to be recovered is the sum of $549.35. The sum sought to be recovered in the Supreme Court actions is the sum of $2,691.75. The actions pending in the Supreme Court embody the litigation arising out of the subject-matter of which the action pending in this court is part. If the defendant succeeds in the Supreme Court actions, it may be res judicata in so far as the alleged work, labor, and services concern the subject of this action. It has been held that it was proper for such an order to issue, even though the parties may not be identically the same in both courts. In De La Vergne Machine Co. v. N. Y. Brooklyn B. Co., 125 App. Div. 649, at page 650, 110 N. Y. Supp. 24, at page 25, Gaynor, J., says:

"There is no narrow, technical rule that the issues and parties must be identical in all respects in order that the trial of one action must be stayed or postponed until after the trial of the other. The law looks to the substance of things, and if, as here, the issue first brought is such that, if the plaintiff prevails, the judgment will require a dismissal of the other, it is orderly to try the first action first."

There is no question but that the plaintiff in this action is privy to the defendants in the Supreme Court actions, as he derives his title to the claim from said defendants, and where the decision in one action will determine the rights sued for in another action, and the judgment of one trial will dispose of the controversies in all the other actions, a case for a stay is presented. Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102; Allentown F. & M. Works v. Loretz, 16 App. Div. 72, 44 N. Y. Supp. 689; Cushman v. Leland, 93 N. Y. 652.

An additional reason why the plaintiff's actions should have precedence is that it is a common-law action and therefore secures a trial by jury of the controlling issues of fact of each action. The rule in respect to postponing a case until after another is one of convenience and order in practice. Post v. Banks, 67 App. Div. 187, 73 N. Y. Supp. 596; Fleischman v. Mengis (Sup.) 118 N. Y. Supp. 671, 673; Isear v. Daynes, 1 App. Div. 557, 559, 37 N. Y. Supp. 474; N. & N. B. H. Co. v. Arnold, 143 N. Y. 265, 38 N. E. 271.

The plaintiff, as assignor of Adolph and Harry Hollander, must rely for his recovery upon the evidence adduced upon the trial herein, upon the agreement entered into between them' and the defendant herein. As the controversy between the parties can be adjusted upon the trial of the Supreme Court actions, and as this action is brought

to recover for part of the subject-matter involved therein, it is no more than right and in justice to the parties that this action be stayed until the determination of the actions now pending in the Supreme Court, upon the condition that the defendants herein will give a bond to secure any judgment that the plaintiff may obtain on the trial of the action in this court, which bond is to be approved by one of the justices of this court.

Motion will be granted upon the conditions herein stated. Settle order on one day's notice.