(71 Misc. Rep. 180.)

### LEVY v. GREENBERG et al.

(City Court of New York, Special Term. March, 1911.)

ACTION (§ 69*)—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING.

    Where an action is brought in the City Court for services in making coats from cloth furnished by defendant, and an action is pending in the Supreme Court involving the same subject-matter, wherein the defendants are plaintiffs and plaintiff is defendant, for damages for failure of plaintiff to comply with his contract, the action will be stayed, pending the trial in the Supreme Court, on defendant's giving a bond for the amount of the claim sued for in the City Court.

    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

Action by Morris Levy against Harry Greenberg and others. On motion by defendants for an order staying action. Granted.

David Bernstein, for the motion.
Myron Sulzberger, opposed.

FINELITE, J. The defendant prays that an order may be granted that this action be stayed until a prior action pending in the Supreme Court between the same parties and involving the same subject-matter, wherein the defendants are plaintiffs and plaintiff is defendant, is determined. It appears that this action is brought to recover the sum of $501.15 for work, labor, and services performed by the plaintiff for the defendants under and pursuant to an agreement entered into between the parties hereto on the 2d day of November, 1910, wherein and whereby the plaintiff agreed to manufacture and complete all the necessary trimmings for 300 men's overcoats, out of kersey cloth and plush to be delivered to him by the defendants, and the defendants promised and agreed to pay for the services performed by the plaintiff as aforesaid, and for the trimmings to be furnished by the plaintiff as aforesaid in the manufacture of said overcoats, at the rate of $2.37½ per garment; that between the 2d and 9th days of November and the 8th and 10th days of December, 1910, defendants delivered to the plaintiff 801½ yards of kersey cloth and 1,017½ yards of plush; that thereafter a portion of the kersey cloth and plush was returned to the defendants, leaving sufficient plush and kersey to be manufactured

for a balance of all overcoats; that when said overcoats were completed said plaintiff offered to deliver to said defendants the said 811 overcoats, but said defendants refused to accept the same; and that there is now due and owing to the plaintiff for the services on said overcoats the sum of $501.13, no part of which has been paid. By the answer of the defendants they admit that between the dates hereinabove stated they did deliver to the plaintiff the plush and kersey for the manufacture of the overcoats, but that in and pursuant to an agreement made and entered into between the parties thereto the said plaintiff was to deliver to the defendants said overcoats when manufactured within one week from the date aforesaid, and that by failure of the said plaintiff to deliver said goods within the times hereinabove set forth the defendants have suffered damages in the sum of $3,065.80.

It is the settled rule that "where the decision of one action will determine the right set up in another action, and the judgment on one trial will dispose of the controversies in all actions, a case for stay is presented." Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102; Allentown F. & M. Works v. Loretz, 16 App. Div. 72, 44 N. Y. Supp. 689; Cushman v. Leland, 93 N. Y. 652. There is no narrow, technical rule that the issues and parties must be identical in all respects in each, in order that the trial of one action may be stayed or postponed until after the trial of the other. The law looks to the substance of things; and if, as here, the action first brought is such that, if the plaintiff prevails, the judgment will require the dismissal of the other, it is orderly to try the first action first. An additional reason why the first one here should have precedence is that it is a common-law action, and therefore secures a trial by jury of the controlling issue of the facts of each action. The rule in respect to postponing a case until after another is one of convenience and order in practice. Post v. Banks, 67 App. Div. 187, 73 N. Y. Supp. 596; De La Vergne Machine Co. v. N. Y. B. B. Co., 125 App. Div. 649, 110 N. Y. Supp. 24; Fleischman v. Menges (Sup.) 118 N. Y. Supp. 671, 673; Isear v. Daynes, 1 App. Div. 557, 559, 37 N. Y. Supp. 474. The defendants are in error when they state that the counterclaim, being for more than the jurisdiction of this court, cannot be litigated in the City Court action. Code Civ. Proc. § 3174. A counterclaim may be interposed in an action brought in this court without respect to the amount thereof, and judgment thereupon in favor of the defendants may be rendered for any sum.

The motion for a stay in this action is granted pending the trial of the action in the Supreme Court, on condition that the defendants give a bond for the amount of the claim sued for in the action in this court; the penalty of said bond to be fixed upon the presentation of the order, which is to be settled upon one day's notice.

Motion granted.