Sept. 23d and            ASTOR *against* ROMAYNE AND OTHERS.
  Oct. 11th.

> Sale of mortgaged premises, under a decree, will not be postponed merely on
>   account of the existence of war; war, as a general calamity, not being
>   sufficient to justify the court in interrupting the regular administration of
>   justice, and the collection of debts.
> But if it should be made satisfactorily to appear, that there was any imme-
>   diate or impending calamity over the city, or place, where the mort-
>   gaged premises were situated, which would cause a suspension of all civil
>   business, the court would interfere, and postpone the sale.
> A sale of mortgaged premises was postponed for six weeks to give the mort-
>   gagor an opportunity to comply with the proposal of the mortgagee, such
>   delay being equally beneficial to both parties.

MOTION, on the part of the defendant, to postpone the
master's sale of *mortgaged premises* on affidavit of the defend-
ant, *Romayne,* stating that the bill was filed in *March,* 1811,
that in the latter part of the year 1812, the defendant agreed
to relinquish all opposition to the suit, and to give the plain-
tiff a decree, by consent, for $38,595 75, provided he would
wait until the 1st day of *September,* 1814, for payment; and
a decree was entered in pursuance of that agreement.    That
the agreement was made under the firm persuasion that the war
would have speedily ceased, and that if the defendant should
not be able to raise the money out of the property *mortgaged,*
the property would rise in value.    That he has been dis-
appointed, and the plaintiff had advertised the property for
sale on the 26th instant; and that the plaintiff and the mas-

ter have refused to postpone the sale. That the deponent verily believed the property *mortgaged for the debt* would be worth, in ordinary times, $45,000, but in the present critical and alarming state of affairs in *New-York*, could not be sold for half its value.

1814.

ASTOR
v.
ROMAYNE.

It appeared that the *notice* given of the motion was *four* days short of the time required by the rule of the court.

*Van Vechten*, for the defendant, cited the case of *Alexander Macomb*, at the suit of *Corp, Ellis, and Shaw*, in which there was a sale of a large real estate, in and near *New-York*, advertised for the 18th of *July*, 1810, and the day for the sale had been fixed by consent ; but the defendant, on due notice, petitioned the Chancellor for a postponement of the sale, on the ground that most of the moneyed purchasers of land were in the country, and that the season of the year was most unfavourable ; and though the motion was opposed by counsel, for the plaintiffs, the Chancellor, by a special order of the 14th of *July*, 1810, postponed the sale to the 2d *Monday* in *November* following. He also cited 4 *Bro.* 113—172., and 2 *Powell on Mortgages*, 1071—2.

THE CHANCELLOR. The case of *Cocker* v. *Beavis*, (1 *Ch. Rep.* 134., and 1 *Ch. Cas.* 61.,) shows that chancery has enlarged the time for the performance of a decree, though that decree was entered by *consent*, on a *bill to redeem a mortgage*, and the time of payment was *fixed by the decree.* In that case the default of the party was not wilful, but arose from necessity, growing out of the civil war. There is some analogy between that case and this ; and in another case, of *Ismoord* v. *Claypool*, (1 *Ch. Rep.* 139.,) the court enlarged the time, after the enrolment of the decree, six months, to pay the mortgage money. I do not know that those cases have been acted upon in modern times, and the application, in this case, is defective, being on short notice :

1814.

ASTOR
v.
ROMAYNE.

the most I am willing to do, is to direct the master to postpone the sale from the 26th instant to the second *Monday* in *October*, to give the defendant an opportunity of applying regularly to the court.

*October* 11th.  *S. Jones*, jun., for the defendants, on an affidavit read on the former motion, and several other affidavits to the like effect, now moved for a postponement of the sale for six months. He cited 2 *Equ. Cases Abr.* 609. *S. C.* 15 *Vin. Ab.* 476. (z. 2.) 2 *Powell on Mortgages*, 311. *Barm. Rep.* 221.

*Harison* and *Robinson*, contra.

It appeared that the plaintiff had offered to the defendant to wait two or three years for the principal, if the defendant would pay him arrears of interest. The offer was now repeated by the plaintiff's counsel, who stated that the rule for the decree, which was entered by consent, contained a stipulation by the defendant, that he would not apply to the court for delay.

THE CHANCELLOR. The existence of the war, as a general calamity, will not justify courts in interfering to interrupt the regular administration of justice, and the collection of debts. The only plausible ground of the motion is the special state of the *city of New-York*, in which the property is situated, and the sale to be made. If there were sufficient evidence of the existence of any immediate calamity, present, or impending over the city, such as invasion by the enemy, or extreme sickness, which would suspend all civil business, the court ought to interfere and postpone the sale. But such a case does not exist. The apprehension of danger from the enemy is too slight, from any thing that has been shown to the court, to warrant the granting the motion to any considerable extent. If the sale be postponed a few weeks, to give the defendant an opportunity to comply with the offer

*The existence of war as a general calamity is no reason for postponing a sale of mortgaged premises, under a decree.*

*But an immediate calamity, as invasion or sickness, present or impending over the place where the premises are situated, so as to produce a suspension of all civil business, would justify the court in postponing the sale.*

of the plaintiff, it is as much as I feel authorized to, allow. This delay may be equally beneficial to both parties; the plaintiff is not in distressed circumstances, since he is willing to wait for years, on payment of his interest. It must also be admitted, that the state of the city of *New-York*, for some weeks past, under apprehension of invasion, and which apprehension has not yet entirely ceased, deserves some consideration, and renders a delay of a few weeks desirable. In that time business may become more quiet and regular, and more and better purchasers will probably appear.

Sale postponed for eight weeks.