### BRADFORD v. DOWNS et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

INJUNCTION—FORECLOSURE OF MORTGAGE—SALE.

　　One of four tenants in common of certain real property, each of whom was entitled to an equal fourth part, brought an action for partition. She had previously mortgaged her interest, and, after the commencement of the action for partition, the assignee of the mortgage brought an action of foreclosure. After this latter action had proceeded to judgment, and a sale had been advertised, the mortgagor, upon an affidavit showing that a sale of her one-quarter share under foreclosure would involve very serious loss as against a sale of the entire property, moved for an order staying the sale in foreclosure until the property might be sold in the partition action. *Held* that, on the facts of the case, it would not be proper to interfere with the rights of the assignee under his judgment.

　　O'Brien and Williams, JJ., dissenting.

Appeal from special term.

Action by Russell Bradford against Ella R. Downs and another. From an order of the special term staying a sale in foreclosure pend-

ing partition suit between Ella R. Downs and another and Reuben W. Ross and others, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Stickney, for appellant.

D. B. Ogden, for respondents.

PATTERSON, J. The order appealed from by the plaintiff, Bradford, stayed proceedings in an action for the foreclosure of a mortgage, after such action had proceeded to judgment, and a sale of the mortgaged premises had been advertised by the referee named in the judgment. The order was made upon a motion of the mortgagor, who does not pretend to have any defense to the mortgage, but who. only claims that a delay of a sale under the foreclosure judgment, until such time .as the property may be sold under a judgment in a partition action, will be of advantage to her, and that a better price for the property may be procured under a partition sale than under a foreclosure sale. It appears that the mortgaged premises were owned by Mrs. Downs, and Reuben W. Ross, Eva J. Rogers, and Estelle Ross, as tenants in common, each being entitled to an undivided one-fourth part. Mrs. Downs began an action for the partition of the premises in May, 1897. At that time Eva Rogers and Estelle Ross were the owners of a mortgage upon the plaintiff's undivided interest. That mortgage was assigned in August, 1897, to the plaintiff, Bradford, who brought this action to foreclose it. There is nothing whatever in these papers to show that the assignment was made for any oppressive purpose, or to gain any advantage, or for any other reason than to make an absolute transfer thereof to Bradford, who, in seeking to enforce the security, is merely pursuing his legal right, and, in the effort to enforce that right, is entitled to the aid of the court; and, if that aid is withheld without sufficient reason, he merely suffers a denial of justice.

The question involved here is not as to the power of the court to control its judgments or its process, and to suspend the enforcement of one or the operation of the other in furtherance of justice. It simply is whether, on the facts of this case as they are made to appear on this motion, it was proper for the court below to interfere with Bradford's absolute right to the remedy given him by the solemn judgment of the court. The only circumstance made to appear as a ground for granting this motion was the opinion of one real-estate broker who states in an affidavit that the value of the property embraced in the partition suit is $296,000, and "a sale, however, of an undivided fourth interest therein, in case such interest were sold separately, would involve very serious loss, and would bring very much less than one-fourth of what the entire property would bring on a sale thereof." We are unable to see what injustice there is in allowing a suitor situated as Bradford is to pursue that course which the law has provided for him for the enforcement of his rights. He is doing nothing but that which the mortgagor authorized him to do in case of default, namely, to foreclose the mortgage, and sell the

undivided one-fourth interest as an undivided one-fourth interest. To obstruct him in the pursuit of his remedy and the realization of his money in due course of law, only because a debtor fancies or believes that it will be more to that debtor's interest if another course is pursued, can never be a reasonable ground for the court depriving a suitor of that to which he is absolutely entitled. It is simply an application to the court to deprive a creditor of his legal right, to suit the convenience of a debtor, based, in this case, only upon the opinion of one person as to the possible consequences of the court allowing that creditor to do that to which it has adjudged him to be absolutely entitled. To maintain this order would be to establish a mischievous precedent, if hardship in the execution of the process of the court alone is judicially declared to be a sufficient cause for suspending that execution. All the moving party is entitled to is a fair sale in the regular way. If unforeseen circumstances which would depreciate the value of the property were to arise, such as invasion or pestilence or some great public calamity, it would be within the power of the court, doubtless, to postpone a sale; but to stay all a plaintiff's remedy, and make his right abide the event of other proceedings in which he has no interest, is to deprive him altogether of his right, or make it subordinate to the wish, and put it under the control of third persons. The condition annexed to the order that the moving party should give security for any deficiency arising on a sale in the partition suit, and the making and service of such undertaking, does not affect this question. The plaintiff, Bradford, has not been accorded a favor by the order, the acceptance of which would preclude his appealing therefrom.

The order of the court below was manifestly wrong, and must be reversed, with $10 costs and disbursements, and the motion for a stay of proceedings denied, with $10 costs.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

O'BRIEN, J. We concur with Mr. Justice PATTERSON that the court had power, which upon a proper showing it should exercise; but we differ with him in thinking that, upon the facts shown, the power was properly exercised. The partition suit was first brought, and, were it not for the extension of time accorded to the mortgagee, Mrs. Downs would have been enabled to have a decree and sale in partition before there could have been a sale in foreclosure; and we have her attorney's affidavit, in which, with respect to the extensions of time in the partition suit, he says:

"I assumed, as in my opinion I had a right to assume, after my conversations with their counsel, that the result of the extensions would not be permitted to be that a sale in foreclosure could be had before a sale in partition or an actual partition."

In addition, we have the statement under oath of a reliable real-estate expert, which, not being controverted, we must take as true, to the effect that, if the undivided interest of Mrs. Downs is sold in the foreclosure, it will bring a very considerable percentage—he says

40 per cent.—less than it would bring if sold in the partition suit, in conjunction with all the other undivided interests in the property. Taking his valuation of the property as a whole, it will be seen that Mrs. Downs' interest would be $75,000. If sold in foreclosure, separate from the other undivided interests, it would bring, according to the expert, 40 per cent. less, viz. $45,000, which would just about cover the mortgage, interest, and costs, and taxes. So that the result would be that Mrs. Downs would have nothing left. It would therefore appear to be to the advantage of Mrs. Downs and of the mortgagee, if all he desires is to collect his money, that the sale should be had in the partition suit.

As a condition of obtaining the stay, the court below required that a bond for $7,500 should be given, conditioned that Mrs. Downs should pay any deficiency in the foreclosure sale, or any deficiency of her share of the proceeds of sale in partition if one should be had, to meet the entire amount of the foreclosure judgment, interest, and costs, including any costs of adjourning the foreclosure sale. So that the effect of staying the foreclosure suit is not in any way to injure the mortgagee, but to give him this additional security, and provide a method of sale in partition which, according to the evidence, would furnish him a larger fund out of which his mortgage could be paid. It is impossible to conclude, therefore, from this record, that the mortgagee can in any way be injured, except to the extent that he is prevented from proceeding arbitrarily with what he claims to be his right of executing his decree in a foreclosure sale, regardless of the injury which he may inflict upon Mrs. Downs. It would be difficult to present a stronger array of facts to invoke the power of the court to prevent a needless loss to Mrs. Downs without any corresponding benefit to the mortgagee.

We think that the order should be affirmed, with costs.

WILLIAMS, J., concurs.