### VAN ORDEN v. LEDWITH et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

REFUSAL TO CONTINUE INJUNCTION—DISCRETION OF COURT—REVIEW.

It is within the discretion of the court to continue or to refuse to continue an injunction order granted under the provisions of Code Civ. Proc. §§ 603, 604, providing that in certain cases mentioned "an injunction order may be granted," and, in the absence of a showing that the court has abused its discretion, an order refusing to continue such injunction will not be disturbed.

Appeal from special term, Rockland county.

Action by Peter S. Van Orden against Mary Ledwith and others. From an order refusing to continue a temporary injunction, plaintiff appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David P. Hall, for appellant.

Thomas F. Magner, for respondents.

WOODWARD, J. The granting of an injunction order under the provisions of sections 603 and 604 of the Code of Civil Procedure depends, aside from the conditions precedent therein mentioned, upon the sound discretion of the court. The language of the statute is that "an injunction order may be granted." It is equally within the discretion of the court to continue or to refuse to continue such an order; and, in the absence of facts tending to establish that the court has abused this discretionary power, it would be ordinarily unwise for this court to interpose its discretion for that of the trial court, although this court may properly exercise an independent discretion in a proper case. The verified complaint in the action is based almost entirely upon information and belief. There are no specific allegations of fraud, nor is it shown that the defendants are insolvent, or that there is any good reason to suppose that a judgment rendered in the action may not be enforced. Under these circumstances it was proper for the trial court to refuse to interfere with the orderly administration of the estate of defendants' intestate, and we conclude that the order appealed from should be affirmed. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.