### SWIFT v. FINNIGAN et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

ACTIONS—STAY PENDING APPEAL.

> One of the defendants was in possession of land under a contract to purchase. Being unable to pay the contract price, he assigned the contract to T. under an alleged agreement that the latter should execute a new contract to convey him the property. T. paid the money, received a conveyance, and thereafter sued to recover possession from defendant, who set up the alleged agreement. From a judgment rendered against him in that action, defendant appealed, and his appeal is still pending. After the sale to T., plaintiff bought a mortgage against the property, and in an action to foreclose it defendant alleged that plaintiff was acting as T.'s agent, who was the real party in interest, and set up the same facts interposed as a defense in the other action. Both plaintiff and T. made affidavit that plaintiff bought the mortgage for himself. *Held*, that plaintiff was the real party in interest, as the assignment of the mortgage to him was absolute, and as evidence tended to show that he bought it for himself, and hence defendant was not entitled to an order staying proceedings until the determination of his appeal in the other action.

Appeal from special term.

Action by Fred H. Swift against George P. Finnigan and others. From an order staying proceedings pending appeal in another case, plaintiff appeals. Reversed.

This action is commenced to foreclose a mortgage given September 29, 1893, by the defendants Annie I. and William M. Wilson to Cornelius J. Russell, on 172.14 acres of land, described in the complaint. In March, 1896, the Wilsons conveyed to James Hill all of such mortgaged premises. Subsequently, and on September 30, 1898, the mortgagee, Russell, assigned such mortgage to the plaintiff, Swift, who on June 30, 1899, commenced this action for the foreclosure of the same. The defendant Finnigan claims that in March, 1897, he entered into an executory contract with said Hill for the purchase by him of 85 acres of such premises, and that he entered into possession thereunder; that he subsequently applied to the defendant Tarbell for a loan, to enable him to pay the purchase price thereof, and that it was subsequently, and in substance, agreed between them as follows: That Tarbell should purchase and take from Hill a conveyance of the whole premises, and assume the payment of the mortgage thereon, and that he should then execute to Finnigan a written contract for the sale to him of such 85 acres for a price and upon terms agreed upon between them. Finnigan further claims that, in pursuance of that agreement, he transferred to Tarbell the written contract which he had taken from Hill, and that Tarbell was thereby enabled to procure, and did procure, from Hill, a conveyance of all of the premises as aforesaid. Tarbell, on the contrary, claims that he purchased Finnigan's contract with Hill, and paid him for it, and that there was no agreement between them by which he was to contract to sell to Finnigan any portion of the premises. Tarbell

brought an action against Finnigan, among other things, to recover posses-
sion of the premises, and Finnigan set up as a defense the claim above stated.
Such action was tried at special term, and decision rendered for Tarbell, de-
termining, in effect, that no such contract as Finnigan claims was made, and
that he had no equity whatever in the premises. Upon appeal to this court,
such decision was affirmed (35 App. Div. 624, 54 N. Y. Supp. 1117), and an ap-
peal therefrom was taken to the court of appeals, and is now pending therein.
The defendant Finnigan, in the action now before us, sets up as a defense
to the foreclosure of this mortgage that Swift holds and is foreclosing the
same simply as the agent of Tarbell, and that Tarbell is the real party in inter-
est; and he further sets up the same facts and claim which he had set up, and
upon which he had been defeated, in the action brought by Tarbell against him,
as above stated. Upon such issue he made a motion at special term that the
proceedings in this action be stayed until the determination of the appeal now
pending in the court of appeals. The special term made an order granting such
stay, and from that order this appeal is taken.

Argued before PARKER, P. J., and MERWIN, SMITH, KEL-
LOGG, and EDWARDS, JJ.

Franklin Pierce, for appellant.
A. D. Wales, for respondents.

PARKER, P. J. If it be a fact that Tarbell is the real owner of
this mortgage, and is foreclosing the same in the name of Swift, I
think the court, in the exercise of its discretion, would have the power
to stay the proceedings until the determination of the appeal now
pending in the court of appeals. Indeed, it might stay the proceed-
ings herein until the final determination of that action, for the issue
there being tried is the same one that Finnigan tenders here, and, in
the event supposed, it would be between the same parties, viz. Tar-
bell as plaintiff and Finnigan as defendant. But if Swift, the plain-
tiff here, is the owner of this mortgage, and is acting in his own right,
and not as the mere agent of Tarbell, I am of the opinion that the pro-
ceedings in this action should not be stayed until the decision of the
pending appeal. Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102.
And such seems to have been the opinion of the judge at special term,
as appears from his written opinion in the record before us. Upon
the affidavits presented to him, such judge concluded that Tarbell was
the real party in interest, and that Swift was acting simply as his
agent, and granted the stay asked for. I cannot concur in the con-
clusion which he reached in that respect.

Both Swift and Tarbell make affidavit that Swift purchased this
mortgage with his own money, and it is plain that the assignment is
to him absolutely. No affidavit contradicts this statement, and I can
discover no fact in the record negativing it. I am of the opinion that
we are not at liberty to reject that statement upon the suspicion that
it is untrue. It is undoubtedly true that Swift is willing to aid Tar-
bell all he can in his controversy with Finnigan, and from the affi-
davits we may easily conclude that Swift purchased the mortgage at
Tarbell's suggestion, and that he commenced this foreclosure because
Tarbell desired him to. But it is conceded that the mortgage is a
good security, and a desirable investment for any one to make; and,
even though Swift did purchase it at Tarbell's suggestion, yet, if he
paid his own money for it, he is the legal owner thereof. He is

the real party in interest in this action, and may prosecute or not, as he alone shall desire. Now, concede that he is inspired to commence and force this action by the desire to assist Tarbell, he is nevertheless exercising no more than his strict legal right. He owns the mortgage debt, and it is his right to have the mortgaged premises sold in satisfaction of it; and, the mortgage being past due, it is his right to have them sold as soon as the usual and regular form of proceedings will allow. The fact that he is influenced by an unworthy motive to demand his money does not at all affect his legal rights. Morris v. Tuthill, 72 N. Y. 575.

Of course, if Finnigan had any equity as against Tarbell in any part of such premises, he might ask to have such equity recognized and protected so far as the order of sale is concerned; but to stay the whole proceedings—to prevent a sale—for an indefinite period, until he shall be enabled to establish, at the end of a litigation between himself and Tarbell, whether or not he has such an equity, is a right to which he is not entitled. If his suit with Tarbell had never gone to judgment, and he was not thereby barred from proving his claim in this action, yet I do not understand that he would be allowed to set it up, and stay the plaintiff's proceeding therein, while he was litigating such claim to a final determination with his co-defendant. Insurance Co. v. Cranwell (Sup.) 10 N. Y. Supp. 404; Kay v. Whittaker, 44 N. Y. 565; Bradford v. Downs, 24 App. Div. 97, 48 N. Y. Supp. 1051; Smith v. Hilton, 50 Hun, 236, 239, 2 N. Y. Supp. 820. And, if this claim of Finnigan's is not one that he can so litigate in this action, he clearly is not entitled to the stay which he desires. I am therefore of the opinion that the affidavits do not warrant the conclusion that Tarbell is the real plaintiff in interest in this action. On the contrary, they show that Swift is the owner, and has the absolute control of such mortgage, and, as against him, Finnigan is not entitled to the stay which he has obtained.

The order should be reversed, with costs. All concur.