(67 App. Div. 187.)

POST v. BANKS.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

1. STAY OF PROCEEDINGS—POWER OF COURT.
    Where the judgment in one action will dispose of the controversy in another action, the court has power to stay proceedings in the second action till the determination of the first, in order to prevent an unnecessary multiplication of suits.

**2. PARTITION—FORECLOSURE—STAY OF PROCEEDINGS—PROPRIETY.**

Defendant in partition held a past-due mortgage on the undivided share of plaintiff, the premises being an ordinary city lot. The complaint in partition set up the mortgage, prayed for a sale, if actual partition was impossible, and for a division of the proceeds according to the interests of the parties. The mortgage security was ample, and there were no other liens. Pending partition defendant brought foreclosure. *Held*, that an order staying proceedings in the foreclosure till the determination of the partition suit was properly made.

Appeal from special term, Kings county.

Partition by Clarence C. ·Post against Leonora P. Banks. From an order of the special term of the supreme court staying proceedings in a foreclosure suit brought by defendant against plaintiff, defendant appeals. Affirmed.

The complaint in partition set up the mortgage held by defendant on plaintiff's undivided interest, prayed a sale in case actual partition could not be made, and that the proceeds be divided according to the respective interests of the parties.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John S. Sheppard, Jr., for appellant.

Edward Hassett (Lucius A. Waldo, on the brief), for respondent.

HIRSCHBERG, J. The parties are brother and sister. They own a piece of real estate in common, an ordinary city house and lot, each owning an undivided half. The defendant has a past-due mortgage on the plaintiff's share. On August 14, 1901, this action was commenced for a partition sale of the property, and the summons and complaint were personally served upon the defendant. The defendant duly appeared by attorney, and procured extensions of time from the plaintiff's attorneys, the last one being procured on September 17, 1901, and extending her time until October 14, 1901. The following day, viz. September 18, 1901, the summons and complaint were served upon the plaintiff in an action brought by the defendant to foreclose her mortgage upon the plaintiff's undivided share. The mortgage security is ample, and no other liens exist. The order appealed from stays the proceedings in the foreclosure suit until the determination of the partition action.

The power of the court in the premises is undoubted. Jackson v. Schauber, 4 Cow. 78; Matthews v. Shaffer, 19 Wkly. Div. 456; Gibson v. Trust Co., 58 Hun, 443, 12 N. Y. Supp. 444; Third Ave. R. Co. v. Mayor, etc., of City of New York, 54 N. Y. 159; Schuehle v. Reiman, 86 N. Y. 270; Hosiery Co. v. Arnold, 143 N. Y. 265, 38 N. E. 271. In Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102, it was held that one action should not be stayed by an order granted in another action where the party against whom the stay is sought is neither a party nor privy to such other action, and would not be bound by an adjudication therein, but the court said (page 489, 139 N. Y., and page 1102, 34 N. E.) that, "where the decision in one action will determine the right set up in another action, and the judgment on one trial will dispose of the controversy in all the actions, a

case for a stay is presented." The appellant's counsel cite no case to
the contrary. It is true that in Bradford v. Downs, 24 App. Div. 97,
48 N. Y. Supp. 1051, an order similar to the one now under con-
sideration was reversed, but in that case the mortgagee was not a
party to the partition suit, and the foreclosure suit had proceeded
to judgment before the stay was granted. The court divided upon
the question of the propriety of the stay, but appears to have been
united on the question of power. The power existing, I think it was
properly exercised herein in limiting the parties to the expense and
vexation of a single suit, the first one instituted, in which every
question suggested in the record may be litigated and the rights of
the parties finally determined. A sale in the foreclosure suit will
necessarily be confined to the mortgaged interest, and will not avoid
the necessity of a subsequent sale under the partition suit. The case
is quite within the jurisdiction of equity to prevent an unnecessary
multiplication of suits, and no tenable ground or reason is suggested
against the action of the special term.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.