sentence, it must issue its warrant to the agent and warden of the state prison mentioned in the original warrant and sentence, under the hands of the judge or judges, or a majority of them, of whom the judge presiding must be one, commanding the said agent and warden to do execution of the sentence during the week appointed there."

We are of unanimous opinion that, even upon the expiration of the week in question, the judgment inflicting punishment stood in full force, and that, therefore, the procedure prescribed by the sections of the statute which I have just quoted, namely, section 503 and section 504 of the Code of Criminal Procedure, obtained.

For this reason, the writ is dismissed, and the relator is remanded to the custody whence he came. All concur.

---

FLYNN v. NEW YORK, W. & B. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

INJUNCTION (§ 137*)—TEMPORARY INJUNCTION.

    A temporary injunction against construction of an electric railroad as a violation of a covenant, subject to which all lots in an addition were sold, that no structure for business purposes shall be erected thereon, will not be granted; defendant claiming, and letters seeming to indicate, that plaintiff, when selling lots, knew construction of the road was in progress, and that the lots were being bought of him to be used for railroad purposes.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

Appeal from Special Term, Westchester County.

Action by Michael W. Flynn against the New York, Westchester & Boston Railway Company and others. From an order, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Edwin L. Kalish (Harrison J. Conant, on the brief), for appellant.
Allen Wardwell (Ralph P. Buell, on the brief), for respondents.

BURR, J. Plaintiff appeals from an order, entered in this action on the 12th day of August last, denying his motion for a temporary injunction restraining the defendants from constructing an electric railroad over a strip of ground owned by one of them, and known as lots Nos. 1 to 38, inclusive, on a map entitled "Map of Property at New Rochelle, N. Y., Owned by Theodore Prince, by Horace Crosby, C. E." The plaintiff owns lots Nos. 105 to 108, inclusive, on the same map, upon a part of which he has erected a dwelling house. The plaintiff claims that all of the property on the Prince map was sold subject to restrictive covenants, which provided, among other things, that:

    "No building or structure for any business purpose whatsoever shall be erected on said premises. No part of any structure erected shall be within 15 feet of any street or street line upon which the lot or lots abut."

He claims that the construction and operation of an electric railroad would be a violation of the said covenants, and also that the defendants have placed a building within 15 feet of the line of one of the streets. It may be a question whether equity will restrain by injunction a public service corporation from using land which it has acquired by purchase for its lawful purposes, even though such use may be a violation of a covenant of that character. Beasley v. Texas & Pacific Railway Co., 191 U. S. 492, 24 Sup. Ct. 164, 48 L. Ed. 274.

Be that as it may, upon the record here presented plaintiff is not entitled to relief by way of temporary injunction. In April last he sold three of the lots above described to the defendant, the City & County Contract Company, which has the contract for constructing the railroad. This defendant claims that at that time the construction of the road was in progress, that the plaintiff knew of it, that he knew that the property which he sold was to be used for railroad purposes, and that, by reason of the necessity on the part of the defendant to have these lots, the plaintiff was paid more than the market value thereof. It is true that the plaintiff denies this; but the letter addressed to him upon April 2, 1909, and his reply on April 6th, would seem to indicate that he did know it. This defendant claims that, while it is true that it has placed a building within 15 feet of the street line, this is only temporary, made necessary by the construction of the road, and that as soon as such construction is completed it will be removed. All of these disputed questions of fact can be more satisfactorily settled upon the trial of the action, when witnesses can be examined and cross-examined. The case could have been tried before this appeal was heard, and under such circumstances appeals from such an order should not be encouraged.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.