(137 App. Div. 100.)

ALEXANDER SMITH & SONS CARPET CO. v. BALL.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. APPEAL AND ERROR (§ 839*)—REVIEW—ORDER CONTINUING TEMPORARY INJUNCTION.

Where a suit to enjoin a change of the grade of a way involved the relative rights of the parties in the way owned in common, to be determined not only by their original rights under conveyances, but also by the subsequent acts of the parties, so that on a trial the court might be informed more fully as to the proper decree, the court on appeal from an order continuing a temporary injunction halting defendant in work incidental to the improvement of his land, but not immediately necessary for immediate use thereof, will not determine the merits of the issues, but will only determine whether the order should be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 839.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TENANCY IN COMMON (§ 21*)—RIGHTS OF CO-TENANTS—OBSTRUCTIONS OF WAY—REMEDY.

The fact that one of the owners in common of a right of way impaired the full rights of his co-owner does not excuse the wrongful acts of the co-owner, though the same may be considered in determining the proper decree in a suit to restrain the co-owner.

[Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 21.*]

3. APPEAL AND ERROR (§ 954*)—DISCRETION OF TRIAL COURT—"JUDICIAL DISCRETION."

Where a suit to enjoin a change of the grade of a way involved the relative rights of the parties in the way owned in common, to be determined not only by their original rights under conveyances, but also by the subsequent acts of the parties, an order continuing a temporary injunction halting defendant in work incidental to the improvement of his land, but not immediately necessary for any present use thereof, was within the trial court's judicial discretion, and should not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

4. WORDS AND PHRASES—"JUDICIAL DISCRETION."

"Judicial discretion" is not the arbitrary will of the judge, but is a legal discretion to be exercised in discerning the course prescribed by law, which when discerned it is the duty of courts to follow.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3855–3856; vol. 8, p. 7697.]

5. APPEAL AND ERROR (§ 954*)—DISCRETION OF TRIAL COURT—REVIEW—TEMPORARY INJUNCTION—"ABUSE OF DISCRETION."

The court on appeal may, if it sees fit, review an order continuing a temporary injunction, but will do so reluctantly, and not unless the order is so unwise and contrary to the general principles of law and equity as to compel the conclusion that the trial court has not exercised sound judgment to promote justice, so that there was error of judicial discretion, sometimes termed an "abuse of discretion."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*

For other definitions, see Words and Phrases, vol. 1, p. 49.]

Appeal from Special Term, Westchester County.

Action by the Alexander Smith & Sons Carpet Company against Bertram Ball. From an order continuing an injunction pendente lite, defendant appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

James M. Hunt, for appellant.

William W. Scrugham, for respondent.

JENKS, J. This appeal is from an order of the Special Term continuing an injunction pendente lite. I do not favor the suggestion that we now in effect determine the issues. Such a short cut to a conclusion is not avoidance of circuity, but departure from the common course not to be permitted save in exceptional cases. There is no reason thus to accept a trial by affidavits. The litigation does not require unusual expedition, and it is not clear that the evidence upon a judicial trial will not further enlighten the court. Determination upon the merits is not urgent, inasmuch as the question presented is the relative rights of the parties in a right of way long owned by them in com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mon.  The plaintiffs or their tenants have used the way for access for wagons to their lands for 17 years, and this action is to enjoin the defendant from changing the grade whereby the plaintiffs will be deprived entirely of such access.  The injunction halts the defendant, who acquired this right of way in 1906, in work incidental to the improvement of his lands, but not immediately necessary for any present use or enjoyment of them.  The learned Special Term commented that a trial could be had at a very early day, and examination of the appointed terms for the county of Westchester confirms that statement. We cannot say that trial will not further enlighten the court as to the proper decree, inasmuch as the relative rights at the present time may not be determined by original rights acquired by the conveyances, but may in part be determined or be limited by the subsequent acts of the parties.  And, moreover, the court itself, upon the correct hypothesis that neither party could practically exclude the other, intimated that equity might properly decree for an adjustment so as to afford mutual rights of practical use, a decision, however, which the court said could only be made after a trial that would reveal all of the facts.  It may well be that the plaintiffs are offenders in that their wall has impaired the full rights of the defendant, but this is no legal excuse for retaliation, although such conduct may have to be considered by the court when it shapes its decree.  Therefore I confine discussion to the question whether the Special Term should be sustained without expression upon the merits save as necessary to a proper disposition of this appeal.

I think that the order should not be disturbed.  It is within the discretion of the trial court.  Castoriano v. Dupe, 145 N. Y. 250–252, 39 N. E. 1065; Hudson River Telephone Co. v. Watervliet Turnpike and Railroad Co., 121 N. Y. 397, 24 N. E. 832.  In Paul v. Munger, 47 N. Y., at page 474, the court say:

"The order necessarily involved a question of discretion, as it must in all applications for continuing or dissolving an injunction, when the merits of the controversy are not substantially disposed of by the order, or established precedents do not give the party an absolute right to the order, if any such case can exist."

In Tripp v. Cook, 26 Wend., at page 152, it is said:

" 'Judicial discretion' is a phrase of great latitude; but it never means the arbitrary will of the judge.  It is always (as Chief Justice Marshall defined it) 'a legal discretion to be exercised in discerning the course prescribed by law. When that is discerned, it is the duty of courts to follow it.  It is to be exercised, not to give effect to the will of the judge, but to that of the law.' "

In Platt v. Munroe, 34 Barb. 291, Allen, J., for the court, says:

"When it is said that something is left to the discretion of a judge, it signifies that he ought to decide according to the rules of equity and the nature of circumstances, and so as to advance the ends of justice.  Bouv. Law Dic. h. t. Whenever a clear and well-defined rule has been adopted not depending upon circumstances, the court has parted with its discretion as a rule of judgment. Discretion may be and is to a very great extent regulated by usage or by principles which courts have learned by experience will, when applied to the great majority of cases, best promote the ends of justice, but it is still left for the courts to determine whether a case is 'exactly like in every color, circumstance and feature' to those upon which the usage or principle was founded, or in which it has been applied."

· Kent, C. J., said that "a reasonable confidence must always be entertained that a court will exercise its discretion soundly," quoted in Tripp v. Cook, supra. This court can in its discretion review such an order (Hudson River Telephone Co. Case, supra), but it is reluctant to interfere with the disposition of the trial court, and will not do so unless its order is so unwise, or so unjust, illegal, or so contrary to the general principles of law or of equity as to compel the conclusion that the court has not exercised sound judgment to promote justice so that there was error of judicial discretion, sometimes termed an abuse of discretion. Van Orden v. Ledwith, 44 App. Div. 580, 60 N. Y. Supp. 802; City of Gloversville v. Johnstown, etc., R. R. Co., 66 Hun, 627, 21 N. Y. Supp. 146; Grill v. Wiswall, 82 Hun, 284, 31 N. Y. Supp. 470; Hessler v. Schafer, 82 Hun, 199, 31 N. Y. Supp. 307; Pratt v. N. Y. Central & H. R. R. R. Co., 90 Hun, 83, 35 N. Y. Supp. 557; High on Injunctions, 1696; Flynn v. New York, Westchester & Boston Ry. Co. (unanimous judgment of this court December 10, 1909) 119 N. Y. Supp. 858.

· The order is affirmed, with $10 costs and disbursements. All concur.