NORTH CENTRAL REALTY CO. v. BLACKMAN et al.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. ACTION (§ 69*)—STAY—MOTION—WHERE PROPERLY MADE.

Stay of a foreclosure action can be properly allowed only therein, and hence it was improper to stay it in a related partition suit to which plaintiff in foreclosure was a defendant, though movant was not a party to the foreclosure.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 750; Dec. Dig. § 69.*]

2. MOTIONS (§ 36*)—SUPPORTING PAPERS.

Papers submitted on a motion in one action cannot be considered in determining a motion in another.

[Ed. Note.—For other cases, see Motions, Dec. Dig. § 36.*]

3. ACTION (§ 7*)—MOTIVE—FORECLOSURE OF MORTGAGE.

Right to foreclose a mortgage is not affected by a sinister or unworthy motive in foreclosing.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 8; Dec. Dig. § 7.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the North Central Realty Company against Eleanor Blackman and others. From an order denying a reference and staying the action, plaintiff appeals. Reversed, and motion appointing referee granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert Reeves, for appellant.
J. A. Seidman, for respondents.

McLAUGHLIN, J. This action was brought to foreclose four mortgages upon real estate. Upon an affidavit showing that the time to answer or demur had expired as to all of the defendants, and that none of them had answered or demurred, the plaintiff, upon notice to all persons who had appeared, moved for the appointment of a referee to compute the amount due. The motion was denied, and the plaintiff stayed from further prosecuting the action until the termi-

nation of another action brought by one Markow for the partition of the premises covered by the mortgages, and the plaintiff appeals.

[1] It appears that, after the commencement of this action, Markow (not a party to it) commenced an action to partition, and, after the plaintiff had moved for the appointment of a referee to compute, Markow moved in the partition action to stay the prosecution of this action until after the termination of that one. The motions were heard on the same day, as appears from the memorandum of the learned justice who heard them, and this plaintiff's motion resulted in the order appealed from. The motion for a stay was in the partition action, and, if proper to grant at all, could only be granted in the action sought to be stayed. Neither the plaintiff nor Markow had made a motion for a stay in this action, and it was improper to incorporate a provision to that effect in the order. In Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593, this court, speaking through Mr. Justice O'Brien, said:

"The inherent power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself; and where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where, by formal prayer, it is demanded. Neither under the provisions of the Code of Civil Procedure, nor by sanction of any authority to which our attention has been called, is the practice permitted to apply in an action brought for an entirely different purpose to stay the trial of another action."

And to the same effect are Raymore Realty Co. v. Pfotenhauser-Nesbit Co., 139 App. Div. 126, 123 N. Y. Supp. 875; Gilroy v. Everson-Hickok Co., 120 App. Div. 207, 105 N. Y. Supp. 188.

There was nothing before the court in this action upon which an order staying its prosecution could be predicated. None of the parties had asked for a stay, and not a single fact was set forth justifying it. The only semblance of a justification for the order is the fact that in the affidavits submitted in support of the application in the partition action facts are claimed to have been shown which would have justified the court in enjoining the prosecution of this action. If it be true that such facts did there appear, then the order enjoining this plaintiff's proceeding should have been in that action, and not in this.

[2] The court could not use the papers submitted on the motion in that action in determining the disposition to be made of the motion in this action, nor can the order here be sustained by considering the papers in that action, notwithstanding they are contained in the record. If the prosecution of this action could be enjoined, it could only be by injunction in the partition action, where such relief was demanded. There is no authority, so far as I have been able to discover, for the practice here adopted. It is conceded that the plaintiff owns the mortgages in question. They are past due, and it has a legal right to foreclose and sell the premises in satisfaction of the debt. It is proceeding in the way pointed out in the Code to collect the debt, and is entitled to have the premises sold as soon as the procedure in such actions will permit.

[3] Whether it is influenced by a sinister or unworthy motive in

foreclosing at this time is not of the slightest importance, because such motive cannot affect its legal rights. Morris v. Tuthill, 72 N. Y. 575; Swift v. Finnigan, 53 App. Div. 76, 65 N. Y. Supp. 723.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion appointing a referee to compute is granted, with $10 costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). This is an appeal by plaintiff in a foreclosure action from an order staying its proceedings therein.

I am of opinion that the appeal should be dismissed. The affidavits show, and the order recites that on motion duly made in an action for partition of the same premises, in which the appellant was a party defendant, the court at Special Term granted an order staying or enjoining all proceedings on the part of the plaintiff in this action pending the determination of the partition action; and, while the record does not technically show that a formal order was entered and served, it does show that the court had heard and decided the motion and filed an opinion on granting the same. On the filing and publication of that decision and opinion, all proceedings upon the part of the plaintiff were as effectually stayed or enjoined as if the formal order had been entered. This has been assumed on the presentation of the appeal herein, and the question intended to be presented by, and which has been argued upon, the appeal, is whether it is competent for the Supreme Court, on a motion on due notice in a partition action pending in that court, to stay or enjoin temporarily the proceedings on the part of a defendant therein as plaintiff in another action to foreclose a mortgage on the same premises.

The plaintiff in the partition action was not a party to the foreclosure action, and therefore had no standing to move for a stay therein. I am of opinion that the court had jurisdiction to make the order in the partition action, and, if so, then the order may not be attacked collaterally. It may only be disregarded here on the theory that it is a nullity, and that view cannot, I think, be sustained. Proceedings on the part of the plaintiff herein having been stayed or enjoined in the partition action, the plaintiff is not prejudiced by the fact that such stay has been incorporated in the order herein, and is not thereby relieved from the original stay or injunction order.

I therefore vote to dismiss the appeal.