WAYNE IRON ORE COMPANY, Plaintiff, *v.* ONTARIO MIN-ERAL COMPANY, INC., and ONTARIO IRON ORE COM-PANY, Defendants.

(Supreme Court, Monroe Special Term, May, 1917.)

Stay — of sale — action to foreclose land contract — bankruptcy — order reviewable at Special Term — rule 67 of General Rules of Practice.

A stay of a sale in an action to foreclose a land contract will not be granted at the instance of creditors or the receiver of the owner of the equity of redemption, who since the advertisement of the sale has been adjudicated a bankrupt, solely to give the receiver or the creditors an extension of time in which to endeavor to raise funds to obviate the necessity of the sale, where the plaintiff, the owner of the legal title, claims that an extension will result in his own insolvency.

An order granting a stay of the sale in such an action made under rule 67 of the General Rules of Practice is one made out of court and is reviewable at Special Term and may be vacated or modified as the facts may appear on such motion.

MOTION to vacate order granting stay of sale in foreclosure action.

James D. Harris, for motion.

Tracy, Chapman & Tracy, for George H. Bond, temporary receiver.

Frank E. Young, for defendants.

Daniel M. Beach, for New York Central Railroad Company.

RODENBECK, J. (1) This is an application to vacate an order made out of court granting a stay of a sale under foreclosure. The action is brought to foreclose the equity of redemption under a land contract and had been prosecuted to judgment and notice of sale when the stay was granted. A petition in bankruptcy on behalf of the defendants had been filed within four months prior to the advertised sale and subsequently to the commencement of the action. A stay was first granted by a United States district judge, the power to grant which is against the weight of authority. *Sample* v. *Beasley,* 158 Fed. Repr. 607; *Heath* v. *Shaffer,* 93 id. 647; *Metcalf* v. *Barker,* 187 U. S. 165; *Eyster* v. *Gaff,* 91 id. 521; *Bardes* v. *Hawarden Bank,* 178 id. 524; *Pickens* v. *Roy,* 187 id. 177; *White* v. *Thompson,* 119 Fed. Repr. 868. Subsequently a stay was granted by a Supreme Court judge, the vacation of which is the purpose of this motion. The motion was made out of court upon the notice provided by rule 67 of the General Rules of Practice. The plaintiff's counsel was present and objected to the power of the judge to grant the stay but filed no affidavit in opposition. The only ground urged for the stay was that the property was adequate to meet the demands of the plaintiff and that if a sufficient stay was granted the creditors of the bankrupt defendants might be benefited thereby. These were not sufficient grounds for a stay. The interests of the defaulting defendants and their creditors are not alone sufficient since it leaves out of consideration the loss that may be occasioned to the plaintiff. The courts have not the power to stay the usual processes for the collection of debts or the enforcement of rights merely to enable a debtor to have time in which to adjust his financial affairs and save himself from the results of the litigation. This application is

based upon the additional fact that the plaintiff has a large indebtedness, that it has been depending upon the purchase price of the property described in the contract, which is the basis of the action, to pay a large portion of its debts and that it has obtained accommodation from creditors upon statements that it would be able to dispose of this property and with the purchase price thereof pay a large part of its debts. It appears from the affidavits filed on behalf of the plaintiff that this stay may seriously embarrass the plaintiff financially and while it may benefit the defendants' creditors it may serve to bankrupt the plaintiff. Under these facts no stay should be granted. The court undoubtedly has the power to grant a stay in a proper case. The rule is clearly stated in *Norfolk & N. B. H. Co.* v. *Arnold,* 143 N. Y. 265, 268. The court says in that case that there is no hard and fast rule and that every case must depend largely upon its circumstances but that the power should be sparingly exercised and only when other remedies are inadequate and the equities invoking its jurisdiction are apparent and strong. Impending war has been held to be an insufficient ground (*Astor* v. *Romayne,* 1 Johns. Ch. 310); also unsettled financial conditions or an unsuitable market. *McGown* v. *Sandford,* 9 Paige, 290. A stay may be granted where the grounds are sufficient as for instance pending an appeal (*Granger* v. *Craig,* 85 N. Y. 619); pending a motion (*Carter* v. *Hodge,* 150 id. 532); to avoid a multiplicity of suits (*Third Ave. R. R. Co.* v. *City of New York,* 54 id. 159; *Post* v. *Banks,* 67 App. Div. 187; *Schuehle* v. *Reiman,* 86 N. Y. 270) and where bad faith is involved. *Gibson* v. *American Loan & Trust Co.,* 58 Hun, 443. A stay, however, will not be granted although there are two suits pending where the parties are not the same or privies (*Dolbeer*

v. *Stout,* 139 N. Y. 486) ; to stay a foreclosure because
an action in partition is pending in which a better
price might be obtained (*Bradford* v. *Downs,* 24 App.
Div. 97) ; or because there is other litigation between
two of the defendants in the action (*Swift* v. *Finnigan,* 53 App. Div. 76) ; or because condemnation proceedings are pending affecting the property. *Weekes*
v. *McCormick,* 16 id. 432. There is a certain amount
of discretion vested in the court with respect to a
stay but this discretion is not an arbitrary one but
must be exercised with reasonable judgment. *Smith
& Sons Carpet Co.* v. *Ball,* 137 App. Div. 100. Under
the weight of these authorities this case as the
facts appear on this motion does not present a proper
one for the exercise of the discretion of the court in
granting a stay, but on the contrary a stay granted
under such facts as appear herein would not be based
upon any substantial or sufficient ground.

(2) The practice adopted by the plaintiff in moving
at Special Term to vacate the order granting the stay
is proper. The order sought to be vacated was made
by a judge out of court and was not a Special Term
order so that it could not be reviewed at Special Term.
*Matter of Cullinan,* 109 App. Div. 816; *Hallgarten* v.
*Eckert,* 1 Hun, 117; *Platt* v. *New York & S. Beach R.
Co.,* 170 N. Y. 451. The notice of two days provided for
in rule 67 of the General Rules of Practice does not
change the character of the order since the rule
applies only to orders " granted or made by a judge
out of court." The order itself purports to be an
order made out of court and not a Special Term order.
The order for the stay herein having been granted
out of court, the plaintiff's remedy was not confined
to an appeal but it might move as it has done to
vacate or modify the order at Special Term. *West
Side Bank* v. *Pugsley,* 47 N. Y. 368.

Upon all the facts the order granting the stay should be vacated. Order vacating the stay, unless agreed upon, to be settled at the next Special Term, May 26, 1917.

Ordered accordingly.