ANNA GOLDBERGER, Individually and as Executrix of ISIDOR GOLDBERGER, Deceased, Plaintiff, *v.* CHARLES KANNEL CORP. et al., Defendants. HARREL HOLDING CORP., Appellant, and GLOBAL REALTY CORP., Respondent.

First Department, June 4, 1957.

*Eugene L. Bondy* of counsel (*David E. Nierenberg* and *Bertram Braufman* with him on the brief; *Bondy & Schloss,* attorneys), for appellant.

*Bernard B. Rubin* of counsel (*Braun & Rubin,* attorneys), for respondent.

Rabin, J. Defendant Charles Kannel Corp. (the " corporation ") is owner of the property involved in this foreclosure action. In 1953 defendant Harrel Holding Corp. (" Harrel ") took a 21-year lease from the corporation covering a portion of the property. At that time, and known to Harrel, there were two existing mortgages against the premises. The first was held by defendant Charles Kannel who controlled the corporate owner and the second was held by plaintiff Goldberger.

There being a default in payment of the balance of principal due on the second mortgage, this foreclosure action was commenced in January, 1956 by Goldberger. Harrel appeared but failed to interpose an answer. Harrel alleges that shortly thereafter the amount due on the second mortgage was paid by Kannel and that it was later assured in a letter from Kannel that if it (Harrel) paid rent which it had held back, Harrel would receive a discontinuance of the foreclosure action. The rent was paid but no discontinuance was given. The mortgage was not satisfied but instead, on January 25, 1956, it was assigned to one Bilgrey and on the same day reassigned by Bilgrey to one Neuwald, both claimed to be controlled by Kannel. On December 31, 1956, Neuwald assigned to Global Realty Corporation, which allegedly was associated in some way with Kannel. None of these assignments was recorded until January 3, 1957 when they were filed simultaneously.

On motion by Global, Special Term substituted it as plaintiff, granted judgment of foreclosure and appointed a Referee to compute. Harrel's motion for the direction of a supplemental complaint with leave to answer was denied.

We think that in permitting respondent to be substituted as plaintiff in this action there should have been a direction that a supplemental complaint be served in order that appellant may have an opportunity to assert (by answer), a proposed defense of fraud. At the time the original complaint was served by the then mortgagee, there being, as indicated, a default in payment of principal, no defense, according to Harrel, was known or available to it and consequently none was interposed.

But appellant contends that subsequently it learned of fraudulent and collusive acts on the part of Kannel and others which indicate that there is in fact a good defense to the foreclosure action. These acts it is asserted were deliberately aimed to deprive Harrel of its leasehold interest in the premises. Harrel claims that it originally was induced to enter into the long-term lease on Kannel's express representation that its possession would always be secure since he (Kannel) would never permit a default on the second mortgage. Harrel claims

that the default, the resulting foreclosure, the series of assignments and the attempt to keep this foreclosure action alive even though the mortgage debt has been paid, are all part of the scheme to wipe out its lease.

It is urged by respondent Global however that even though the motive for foreclosure be questionable it must nevertheless prevail in the foreclosure action since it legally acquired the second mortgage by assignment. The cited cases of *Morris* v. *Tuthill* (72 N. Y. 575) and *Swift* v. *Finnigan* (53 App. Div. 76) hold that where one seeks merely to enforce a strict legal right, an unworthy motive will not destroy the legal right. But here the proposed defense seeks to establish that by fraud and collusion the owner is attempting to destroy a valuable leasehold with a resultant unconscionable and unjust profit to itself. This, Harrel asserts, equity should not permit, citing *Weis* v. *Levy* (106 App. Div. 496, 500). While we express no opinion with respect to the merits of the proposed defense, we feel that in the circumstances, appellant should be given the opportunity to set forth his proposed defense by way of answer.

The order should be modified so as to grant only that portion of the motion seeking to substitute Global Realty Corp. as plaintiff and granting only that portion of the cross motion requesting as a condition to substitution that the substituted plaintiff serve and file a supplemental and amended complaint with leave to defendant Harrel Holding Corp. to answer the same within 20 days, and as thus modified, affirmed, with $20 costs and disbursements to appellant. Settle order.

BREITEL, J. P., FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously modified so as to grant only that portion of the motion seeking to substitute Global Realty Corp. as plaintiff and granting only that portion of the cross motion requesting as a condition to substitution that the substituted plaintiff serve and file a supplemental and amended complaint with leave to the defendant Harrel Holding Corp. to answer the same within 20 days and, as so modified, affirmed, with $20 costs and disbursements to appellant. Settle order on notice.